NEW-YORK,
May, 1810.

GONNIGAL
v.
SMITH
and others.

Judgment for the plaintiffs.

GONNIGAL *against* SMITH and others.

Where a person in custody on a *ca. sa.* has been discharged under the act for the relief of debtors, in respect to the imprisonment of their persons; (24 sess. c. 66.) the plaintiff may issue a *fieri facias* against his goods, &c. at any time afterwards, though more than a year has elapsed, without a previous *scire facias* to revive the judgment. Where an attorney, different from the attorney for the plaintiff in the original suit, issues a *scire facias* to revive the judgment, there is no need of a notice of motion for leave to change the attorney, as a *scire facias* is a new action, and requires a new warrant of attorney.

THE defendants in this cause, after a judgment obtained against them, were imprisoned on a *ca. sa.* issued thereon, and were discharged, pursuant to the 5th section of the act for the relief of debtors, in respect to the imprisonment of their persons, passed 24th *March*, 1801, by the court of common pleas of *Schoharie* county, and more than one year had elapsed since the said discharge.

Two questions were submitted to the consideration of the court.

1. Whether a *fi. fa.* may issue, pursuant to the 7th section of the act, at any time hereafter, without reviving the judgment in the cause by *scire facias.*

2. Whether, upon suing out such *sci. fa.* by another attorney, different from the attorney in the original suit, it is necessary to serve a notice of a motion to change the attorney.

NEW-YORK,
May, 1810.

GONNIGAL
v.
SMITH
and others.

*Woodworth*, for the plaintiff.

*Tiffany*, contra.

*Per Curiam.* The *fi. fa.* may be issued, at any time, by the express words of the act, without a *sci. fa.* This seems to be the better opinion, notwithstanding the *dictum* of Mr. J. *Buller* to the contrary, in a like case. (1 *Term Rep.* 82.) The words of the act are, (*Laws*, vol. 1. 294.) " that notwithstanding the discharge of the prisoner, &c. the judgment shall remain in force, and execution may, at any time, be taken out thereon, against the lands," &c. These words ought to receive a literal interpretation, for the case is not within the reason of the law, requiring a revival of the judgment, because here the presumption, that the judgment is satisfied, is repelled by the record, which shows a *ca. sa.* duly issued and served, and the defendant discharged from it, by a statute made particularly for his ease and benefit. And if the delay and notice of a *sci. fa.* were requisite, a defendant might easily place his newly acquired goods and chattels beyond the reach of the process. Again, if the plaintiff has taken out an execution within the year, and it has been returned, he may always take out another execution, at any distance of time, though it be an execution of a different kind, without a *sci. fa.* by only using the formality of continuing it down on the roll. (*Stra.* 100. 2 *Wils.* 82.) This mode would remove all doubt in the present case, by conforming the practice under it to the established precedents.

NEW-YORK,
May, 1810.

2. The change of the attorney to a *sci. fa.* sued out upon a judgment, does not require a rule and notice, because the *sci. fa.* is a new action, and requires a new warrant of attorney. (2 Ld. *Raym.* 1048. 1252. *7 Term Rep.* 337.)

Rule accordingly.