UTICA,
Aug. 1824.

The People
v.
Honsenfratts.

Ejectment and judgment for costs against the plaintiff. Presenting the lessor of the plaintiff with the *ca. sa.* and serving him with the consent rule, and demanding the costs, is not enough to warrant an attachment, but the taxed bill should be served by shewing him the original and delivering a copy.

## THE PEOPLE *against* HONSENFRATTS.

THE defendant was lessor of the plaintiff in ejectment, entered into the consent rule, and the verdict and judgment were against *James Jackson*, the nominal plaintiff. Hereupon the defendant's attorney issued a *ca. sa.* against *James Jackson*, for the costs, which was shewn to *Honsenfratts*, the lessor, who was shewn, at the same time, the original consent rule, and served with a copy thereof by one who had a written authority from the defendant's attorney to receive the costs. He demanded the costs of *Honsenfratts* upon these papers, and they not being paid, an attachment was issued, which being served and returned at this term,

*Noxon*, for the defendant, objected that the attachment had improvidently issued, inasmuch as no taxed bill of costs had been shewn and demanded, nor was any copy served.

*S. Wood*, for the plaintiffs, said, the *ca. sa.* is, in this case, conclusive evidence as to the amount. The English practice is, to demand the amount contained in the *ca. sa.* and, on non-payment, move for an attachment, as was done in this case. He cited *Runnington on Ejectment*, 416, and 2 *Sell.* 116, where this is laid down as the rule of the K. B. which governs this Court.

*Curia.* The defendant must be discharged. The plaintiffs have proceeded irregularly. The lessor of the plaintiff should also have been served with a taxed bill of the costs, by shewing him the original and delivering a copy, before moving for the attachment.

Rule accordingly.