The Court, having taken time to consider, until May term, 1826,
Cranch, C. J.,
delivered the opinion of the Court,
(Thrds-ton, J., absent.)
The question is, whether the omission to renew the execution within a year after April, 1822, without, in fact, entering up the continuances upon the roll, made it necessary to sue out a scire facias to revive the judgment.
It is clear that by the English practice for three centuries, if a fi.fa. be taken out within a year after judgment and returned, the plaintiff may at any time afterwards have a new execution without a scire facias. And that an elegit may be taken out at any time, and the continuances entered up. 2 Inst. 469, 470, 471; Co. Lit. 290 b; Herberts case, 3 Co. 12 a; Welden v. Greg, 1 Sid. 59; Dacy v. Clinch, 1 Sid. 53; Blayer v. Baldwin, 2 Wils. 82; Vincent's case, Comb. 346; Bro. Parl. 29; Booth v. Booth, 6 Mod. 288; S. C. 1 Salk. 322; Motins v. Welden, 1 Keble, 159; Clift’s Ent. 840; Officina Brevium, 96 ; Aires v. Hardress, 1 Str. 100; Michell v. Cue et ux. 2 Burr. 660; 3 Salk. 321, pl. 8; Withers v. Harris, 2 Ld. Raym. 208; Seymore v. Green *680 well, Carth. 283; Harris v. Woolford, 6 T. R. 617; Doe v. Dolman, 7 T. R. 618; Belloes v. Hanford, 1 Rolle Rep. 104; Cook v. Bathurst, 2 Shower, 235; Low v. Beart, Barnes, 210; 1 Tidd, 165; Hardisty v. Barny, 2 Salk. 598; Atwood v. Burr, 7 Mod. 5; Brown v. Babington, 2 Ld. Raym. 883; Mellon v. Walker, 2 Wms. Saund. 1; Blayer v. Baldwin, Barnes, 213; Waller's case, 3 Leon. 44; 2 Tidd, 1051, Ed. 1812 ; Gonnigol v. Smith, 6 Johns. 106; Lewis v. Smith, 2 Serg. & Rawle, 142; Craig v. Johnson, Hardin’s Rep. 520.
This practice, so long established in England, (even before the first emigration to this country,) and so convenient, is opposed only by the letter of Mr. Harris, the clerk of the Court of Appeals in Maryland, to Mr. Key, dated February 3d, 1825, as follows: — The practice in the late General Court always was, and it is so in the present Court of Appeals, that, in order to keep a judgment alive, (where an execution has issued thereon,) to renew it, if not to every term, at least within a year and a day of the former execution. There are no continuances entered on the roll, as in England. If no execution has issued within a year and a day of the preceding execution, a scire facias must be issued; the judgment being considered out of date.”
If there are not reported cases in Maryland upon this point, the long-settled practice in England, before the first settlement of Maryland, and perhaps the universal practice in the other States, would induce a belief that the law was otherwise. Mr. Harris, however, does not put the case of a fi.fa. returned “ nulla bona.”.
The Court, therefore, (ThrustoN, J., absent,) said: —
That where an execution has been issued within the year and day, and shall have been returned by the marshal, it is not necessary to renew the execution, from year to year, to keep alive the judgment, but the plaintiff may have a new execution at any time without a scire facias. But where an execution is ordered to be made out and lie in the clerk’s office, and shall not have been delivered to the marshal, and returned, the order for the renewal of the execution must be made within the year and day after the last order for renewal; or the judgment must be revived by scire facias.