# CASES

# SUPREME JUDICIAL COURT,

---

## BARRETT POTTER, *Judge, vs.* JOSEPH TITCOMB.[*]

Under the statute of 1831, *c.* 514, entitled " An act to abolish special pleading," the defendant has not the right to put in any special plea to the merits.

In an action brought on a probate bond in the name of the Judge of Probate, before the stat. of 1831, *c.* 514, judgment had been rendered in favor of the plaintiff, and execution had issued for the use of those at whose instance the suit had been brought. Afterwards, and after the passing of the Act, a writ of *scire facias* in the name of the Judge of Probate, was sued out to have execution issue on the same judgment, for a further sum for the benefit of another person, and by reason of a distinct claim. *Held,* that this was a new suit, so that the defendant was not entitled to plead specially.

THIS was a *scire facias* in the name of the Judge of Probate, commenced by *Moses Titcomb,* administrator on the estate of *Elizabeth Titcomb.* The original action on which judgment was rendered in the suit on the bond, was commenced prior to the enactment of the statute abolishing special pleading. The defendant offered several pleas in bar of said *scire facias,* but the counsel of the plaintiff declined to receive them, insisting that the defendant was bound to plead the general issue, and was not entitled to any other plea. The question was submitted to *Parris J.,* then holding the Court, to decide whether by law the defendant had not a right to plead specially and double, if he or his counsel chose to adopt that mode. The Judge decided, that the defendant was by the terms of the statute bound to plead the

---

[*] EMERY, Judge, having been counsel in the original action, did not sit in this case.

general issue, and was not by law entitled to plead any other plea. To this ruling the defendant excepted.

*Mellen* and *Daveies*, for the defendant, after an eloquent and forcible eulogium on the benefits of special pleading, contended :

1. That by the common law, every defendant had the right to plead specially and double, and that this right remained, unless it was taken away by statute ; that although the statute of 1831, *c.* 514, requires the defendant to plead the general issue, still it gives him the right to file a brief statement of the special matter of his defence, or to plead it specially at his election ; and that filing the statement is a mere privilege given to the defendant, which he may waive, if he pleases, and plead specially. Although in Congress the title is a part of the act, it is not so in this State. Here the title precedes the words, " be it enacted," &c., and is but a mere name given to the act by the draftsman. Independent of the title, there is not a word in the act indicating an intention to abolish special pleading. The words are merely "may give," &c. but neither require the filing of the brief statement, nor deny the right to plead specially. The statute has never been construed to destroy pleas in abatement and demurrers, and yet such would be the consequence, if the literal words of the title are to govern.

2. If the statute has a general application it does not apply here, because this is but a mere continuation of the original suit, which was commenced before the act was passed. This is not a trial to determine, whether the bond is or is not forfeited, but a mere enquiry, whether the plaintiff in his official capacity shall have execution for a further sum. A *scire facias* is not an original suit, but the old one revived or continued. 1 *Sellon's Pr.* 187 ; 6 *Dane's Abr.* 463 ; 2 *Saund.* 71 *a*, note 4 ; *Clark* v. *Paine,* 11 *Pick.* 66 ; *Dearborn* v. *Dearborn,* 15 *Mass. R.* 316.

*Mitchell,* for the plaintiff.

1. The object of the statute was to simplify the law, and to make it intelligible to the people generally. The title is a part of the act, and is always read with the bill, and with it there cannot rest a doubt as to the meaning of the statute. The plain and obvious intention is, that the general issue shall be pleaded in all cases, and when the defendant wishes to avail himself of

any matter of defence which he cannot give in evidence under the general issue, that he should file a brief statement of the substance of it. The manifest intention was to abolish special pleading.

2. Although the present, as well as the original suit, is in the name of the Judge of Probate, yet the real plaintiff, recognized by our own statutes, in the two cases are wholly different. This is in all respects a new suit, and in case of failure, the costs are to be paid by a different person. This *scire facias* is as much a new suit, as any suit on a judgment can be, and indeed more so, as in that case the parties must be the same. There is no limitation as to the number of persons, entitled to bring *scire facias* to have satisfaction of their debts on a probate bond, or as to the time, when such suits may be brought. If all these are but one suit, then no one can tell how long the suit will last, or when it is ended.

The action was continued for advisement, and the opinion of the Court afterwards drawn up by

WESTON C. J. — The will of the legislature, within the range of its constitutional powers, when expressed so as to be understood, is to be respected and obeyed. By the act to abolish special pleading, *statute* of 1831, *c.* 514, it is provided that in all civil actions, the general issue shall be pleaded by the defendant, and joined by the plaintiff. This has been enforced in all cases where an action is to be tried upon its merits ; but has not been extended to pleas in abatement, which are preliminary in their character, or to demurrers to declarations, which controvert no facts legally set forth ; but submit to the court whether any cause of action has been exhibited by the plaintiff.

The science of special pleading was intended to present, with clearness and precision, the point really at issue between the parties. Its rules, in their original design, are admirably adapted to effect this object. But they had been so often perverted to the purposes of chicane and delay, that *Sir William Blackstone* remarked, near a century ago, that the courts had in many instances, and the legislature in more, allowed special matter to be given in evidence, under the general issue. And he adds, that

although it was apprehended, that confusion and uncertainty would follow such an innovation, it had proved otherwise in practice. 3 *Bl. Com.* 306. The forms and technicalities of the law have been much relaxed in this country from its earliest settlement. And it must be conceded, that the reform has generally proved salutary. It cannot but be perceived, in the act under consideration, that the legislature intended that, in trials upon the merits in all civil actions, every special matter should be given in evidence under the general issue. Special pleading is not expressly interdicted, in the body of the act ; but its manifest scope, object and design is, to substitute therefor a brief statement of any special matter. It has been urged, that it was intended for the relief of defendants, and not for the benefit of plaintiffs. But this is, in our judgment, giving the law too narrow a construction. The embarrassment and abuses, intended to be remedied, operated upon both parties. Both were equally within the mischief. Why then should the defendant be permitted at his election, to subject the plaintiff to the inconveniences, which were supposed to attend the former system ? Unless he is precluded from this course, the benefit of the act cannot be made mutual. And we are of opinion, that upon a just construction of the statute, without reference to its title, having regard to the manifest intention of the legislature, the defendant is not entitled, nor can he be permitted, to plead to the merits any other plea, than the general issue.

Without determining upon the propriety of refering to the title of the act, in aid of its construction, it may not be improper to remark, that as the title is read or stated, in its passage through the legislature, in all its stages, it would be extraordinary indeed, if it should entirely misstate the object of a law, not exceeding ten lines in length.

It is further insisted, that the act does not apply to this case, which it is said is not a new action, but the continuance of a former one, instituted before the enactment of the law. *Dane* holds *scire facias* on a judgment to be a mere continuance of the former action. 6 *Dane*, 463. In *Underhill* v. *Devereux*, 2 *Saund.* 71, *note* 4, Serjeant *Williams* states, that a *scire facias* upon a judgment, is to some purposes, only a continuance of the former suit ; and he cites *Wright* v. *Nutt*, 1 *T. R.* 38, which was *scire*

*facias,* brought merely to revive a judgment against executors. But the present process, although brought upon the former judgment, which stands as security for other liabilities, is virtually for a new plaintiff, and for a distinct and independent claim. In *Dearborn* v. *Dearborn,* 15 *Mass.* 316, the court held, that *scire facias* against bail was not to be considered a new suit; but the court were there considering the duty of an attorney, who had undertaken the collection of a debt. In *Atwood* v. *Burr,* 2 *Salk.* 603, *scire facias* against bail was declared to be a new and distinct suit, and so it is regarded in 6 *Dane,* 463. In *Clark* v. *Paine,* 11 *Pick.* 66, the court cite *Dearborn* v. *Dearborn,* but say that there is some force in the argument, that a *scire facias* is an original writ, when a new party is brought into court. In *Gonnigal* v. *Smith,* 6 *Johns. R.* 106, which was *scire facias* to revive a judgment, it was held to be a new action.

In *Coke Littleton,* 290, *b,* *Littleton,* § 505, commenting upon a *scire facias* to revive a judgment, after a year and a day, says that it may well be called an action, inasmuch as the defendant may plead thereto divers matters, after the original judgment.

And *Coke* adds, that every writ, whereunto the defendant may plead, be it original or judicial, is in law an action. Hence *Littleton* says, § 506, that a release of all actions is a good plea in bar to a *scire facias.* And in *Pulteney* v. *Townson,* 2 *W. Black.* 1227, the court held that a *scire facias* was, upon principle, a personal action ; and this upon the authority of *Littleton, Coke* and *Holt,* who had given therefor an unanswerable reason, that the defendant may plead to it. The same doctrine was recognized in *Gray* v. *Jones,* 2 *Wils.* 251, and in *Fenno* v. *Evans,* 1 *T. R.* 267. And *Serjeant Williams,* in the note before cited, says, that as the defendant may plead to a *scire facias,* it is considered in law as an action, and in the nature of a new original.

We are bound then upon authority to hold, that the process before us is itself an action ; and being instituted, since the passage of the act to abolish special pleading is, in our opinion, subject to its provisions. And although based upon the former judgment ; yet being brought for the benefit of a new party, and for a distinct claim, it is to be regarded rather in the nature of a new suit, than as the continuation of a former one. The exceptions

are accordingly overruled. And we come to this result with the more satisfaction, as either party may, under a brief statement, have every benefit which could be fairly and properly derived from special pleading.