ELIJAH GIBBONS

v.

HORACE N. GOODRICH.

1. REVIVING JUDGMENT—STATUTE OF LIMITATIONS.—*Scire facias* to revive a judgment is an action within the meaning of the Statute of Limitations requiring "all actions," etc., to be commenced within sixteen years, etc.

2. CONSTRUCTION OF LIMITATION STATUTES—WHAT STATUTE APPLIES.—When a cause of action has commenced to run under a limitation statute, the enactment of a new statute extending the limitation as to such causes of action will not affect rights already existing.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding. Opinion filed May 2, 1879.

Messrs. RICHOLSON & SNOW and Mr. W. T. HOPKINS, for appellant; that *scire facias* is an action, cited Bouv. Law Dic. title " Scire Facias; " Kertland v. Kribs, 34 Md. 93; Bryant v. Smith, 7 Coldw. 113; Greenway v. Dare, 1 Halst. 305; Connigal v. Smith, 6 Johns. 106; Potter v. Titcomb, 13 Me. 36; Chestnut v. Chestnut, 77 Ill. 346.

Actions arising under a former limitation law are not affected by subsequent law: Rev. Stat. 1874, Chap. 131.

Mr. A. G. McDOLE, for appellee; that to revive a judgment is not an action, cited Crisman v. The People, 3 Gilm. 354; Challenor v. Niles, 78 Ill. 78; 1 Puterbaugh's Prac. 668.

A special law giving remedies is never repealed by a general one: Sedgwick's Con. of Stat. 98; Hume v. Gassett, 43 Ill. 297; Rawson v. Rawson, 52 Ill. 62; McDonough & Co. v. Campbell, 42 Ill. 490; The People v. Barr, 44 Ill. 198.

When acts can be harmonized by a fair construction, it will be done: Connor v. Ex. Co. 37 Ga. 397; The Distilled Spirits, 11 Wall. 356; Naylor v. Field, 5 Dutch. 287; Fowler v. Perkins, 77 Ill. 271.

PILLSBURY, P. J. On the 10th day of May, 1878, a *scire facias* was sued out of the City Court of Aurora, to revive a judgment rendered in the Court of Common Pleas of said city on the 14th day of December, 1860. Appellant, the defendant in the judgment, being served with the *scire facias*, appeared, and pleaded that the writ of *scire facias* was not issued within sixteen years next after the rendition of the judgment. To these pleas the plaintiff below demurred, and the court sustaining the demurrer, ordered execution upon the judgment, and the defendant below appeals to this court.

Several questions of a technical character are made upon the record, but we shall only notice the action of the court in sustaining the demurrer to the pleas of the Statute of Limitations, as in our opinion this is decisive of the controversy between the parties.

By the common law of England, if the plaintiff failed to sue out execution within a year and a day after the judgment was

entered,.an action of debt founded upon it was his only rem-
edy to revive this dormant judgment; but by the statute of 13
Edw. I. Ch. 45, *scire facias* was provided for revival of such
judgments. This statute being passed long prior to the fourth
year of James the First, and being of a general nature, is a
part of the law of this State, and as such the remedy by *scire
facias* to revive judgments has been, by both courts and the
legislature, recognized as fully existing in our State.

And here it may be observed that only two remedies exist
upon judgments—*scire facias* and debt. By the statute of
1827, debt and *scire facias* were treated as concurrent reme-
dies, and the time within which either could be brought was
twenty years. This section of that statute was incorporated
into the revision of 1845, and became section five of the chapter
entitled "Limitations." This section provides that "judgment
in any court of record in this State may be revived by *scire facias*,
or an action of debt may be brought thereon within twenty
years next after the date of such judgment, and not after."

By an act entitled "an act to amend the several laws con-
cerning limitations of actions," approved Nov. 5, 1849, it is
provided: "That all actions founded upon any promissory note,
simple contract in writing, bond, judgment, or other evidence
of indebtedness in writing, made, caused, or entered into after
the passage of this act, shall be commenced within sixteen years
after the cause of action accrued, and not thereafter;" and by
the fourth section thereof so much of the act of 1845 as was in
conflict therewith was repealed.

The time when the "cause of action" was deemed to have
accrued under said act, was fixed by the act of 1859, Sess. laws,
p. 125, at the date of the rendition of the judgment. These
two last mentioned acts were in force at the time the judgment
in question was rendered, and the inquiry is whether the act of
1849 repealed the act of 1845 so far as it relates to the proceed-
ing by *scire facias* to revive judgments, and this depends upon
the construction to be given to the words "all actions" in the
former act.

If *scire facias* is an action within the meaning of that stat-
ute, there can be no doubt of such repeal.

Littleton, speaking of the subject of revival of judgments, Sec. 505, says: " But if after the year and day the plaintiff will sue a *scire facias*, to know if the defendant can say anything why the plaintiff should not have execution, then it seemeth that such release of actions shall be a good plea in bar.   But to some seems the contrary, inasmuch as the writ of *scire facias* is a writ of execution, and is to have execution, etc.   But yet, inasmuch as upon the same writ the defendant may plead divers matters after judgment given to oust him of execution, as outlawry, etc., and divers other matters, this may be well said an action."

Lord Coke observes, in commenting upon this passage in Littleton, 290, b.:   " So as by the writ it appeareth that the defendant is to be warned to plead any matter in bar of execution; and therefore, albeit it be a judicial writ, yet because the defendant may thereupon plead, this *scire facias* is accounted in law to be in the nature of an action; and therefore a release of all actions is a good plea in bar of the same.   And here it is to be observed that every writ whereunto the defendant may plead, be it original or judicial, is in law an action."

In Pulteney v. Townson, 2 W. Blackstone, 1226, the question was whether *scire facias* was an action within the statute of 17 Car. 2, which required bail upon writs of error.

Gould, Blackstone, and Nares, J., held " That a *scire facias* was upon principle most clearly a personal action, and that they had the authority of Littleton, Coke and Holt to call it so; that the reason they give for it is unanswerable—the defendant has a power to plead to it."

The Supreme Court of Maine in Potter v. Titcomb, 13 Me. 36, hold that the process of *scire facias* is in itself an action, and subject to the statute of that State abolishing special pleadings in civil actions.   So in Goningal v. Smith, 6 Johns. 106, it is said that a *sci. fa.* is a new action, and requires a new warrant of attorney; also in New Jersey, Greenway v. Dore, 1 Hals. 305: " Every *scire facias* is a new and independent action, referring to the former proceedings, but wholly distinct from them."

In 34 Maryland, 93, Kirkland v. Kribs, the court say: " To

the *scire facias* the defendant has the right to plead, and although generally termed a judicial writ, it is classed and rec-ognized by all the authorities as an action."

In Fenner v. Evans, 1 T. R. 267, a *scire facias* had been issued to revive a judgment entered prior to the act of 17 Geo. 3 C. 26, and execution had been taken out upon it. Upon a rule ob-tained to set aside the *sci. fa.* and execution, the question arose whether this proceeding was within the second section of that act, providing "That no action shall be brought on any such judgment already entered, etc." The court held that *scire facias* was an action within that section of the statute, and set aside both the writ and execution. While it is true that some au-thorities hold that for some purposes *scire facias* is not an action, we have not been referred to any holding that it is not included in a statute barring "all actions" within a certain time. We feel bound, therefore, by the authorities above cited, to hold that *scire facias* is included within the limitation act of 1847. Legislative action appears also to clearly indicate the intention of the law-making power to so consider it. Debt and *scire facias* being the only remedies upon judgments, have been treated by the legislature as concurrent, and in all the statutes of limitations no preference has been given to either one as to the time within which the action was to be brought.

In the limitation acts of 1827 and 1845, either would lie with-in twenty years; by that of 1849 as we have seen, both were included in the words "all actions," and by that of 1873, they were again extended to twenty years, by express terms.

It is hardly to be supposed that the legislature intended by the act of 1849, to allow a plaintiff to revive his judgment by *scire facias* at any time within twenty years, and not permit it to be used as an evidence of indebtedness in an action of debt upon it, unless such action should be commenced within sixteen years.

The object of the statute was not to discriminate between the two actions by which the plaintiff could obtain satisfaction of his dormant judgment, but was to fix a time when the presump-tion of satisfaction should be conclusive.

It is urged, however, that as the statute of 1873 extended the

Gibbons v. Goodrich.

period of limitation to twenty years, and as this act was passed while the statute of 1849 was running, and before the limitation had expired, the effect was to extend the time to the full term of twenty years before the bar would be complete.

As we have seen, the statute of 1849 commenced to run upon this judgment from the day of its rendition, and while that statute was repealed by an act of the twenty-seventh General Assembly, approved Apr. 4, 1872, Sess. Laws 1871–2, p. 556, yet by that act it is provided that such repeal "should not be construed so as to affect any rights or liabilities, or any causes of action that may have accrued before this act takes effect."

The act of 1873, fixing the limitation at twenty years, was passed by the twenty-eighth General Assembly, and by an act passed at the same session, entitled "an act to repeal certain acts therein named," Rev. Stat. 1874, p. 960, it is provided, that "When any limitation law has been revised by this or the twenty-seventh General Assembly, and the former limitation law repealed, such repeal shall not be construed so as to stop the running of any statute, but the time shall be construed as if such repeal had not been made."

Taking all these statutes into consideration, it is evident that as to causes of action already existing under the act repealed, such statute nevertheless continued to run, notwithstanding such repeal.

We are of the opinion, therefore, that the court erred in sustaining the demurrer to the pleas of the Statute of Limitation of sixteen years, for which error the judgment must be reversed and the cause remanded.

Judgment reversed.