# BROWNE *v.* CHAVEZ.
# BROWNE *v.* CHAVEZ.

ERROR TO AND APPEAL FROM THE SUPREME COURT OF THE TERRITORY
OF NEW MEXICO.

Nos. 165 and 247.   Argued March 6, 1901.—Decided April 8, 1901.

While a *scire facias*, for the purpose of obtaining execution, is ordinarily a
judicial writ to continue the effect of a former judgment, yet it is in the
nature of an action, and is treated as such in the statutes of New Mexico.
After a judgment is barred under those statutes, the writ of *scire facias*,
giving a new right and avoiding the statute, cannot be maintained.

THIS case was brought here both by writ of error and appeal.
As there was no trial by jury and the issues were only ques-
tions of law determined by the trial court on demurrer, the writ
of error is dismissed, and the cause considered on the appeal.

On the 7th of October, 1885, the firm of Browne, Manzanares
& Company, composed of L. P. Browne, since deceased, and F. A.
Manzanares, recovered judgment against Francisco Chavez, 2d,
in the District Court of Bernalillo County, for the sum of $4170,
damages and costs.   No action was taken in respect of this
judgment, and no execution was issued upon it, so far as this
record discloses.   September 30, 1895, a writ of *scire facias* was
sued out and service had.   The defendant filed two pleas; the
first suggesting the death of one of the plaintiffs since the ren-
dition of the judgment, which plea was abandoned; the second,
the plea of the statute of limitations, to which a demurrer was
interposed by plaintiffs, which was overruled by the court.
Plaintiffs thereupon refused to plead further and stood by their
demurrer, whereupon the court rendered judgment dismissing
the writ.

The statutes referred to are as follows:

An act of January 23, 1880, compiled in 1884 as sections 1860
and 1861, as follows:

"SEC. 1860. The following suits or actions may be brought
within the time hereinafter limited, respectively, after their

causes accrue, and not afterwards, except when otherwise specially provided.

" Sec. 1861. Actions upon any judgment of any court of record of any State or Territory of the United States, or the Federal courts of the United States, within fifteen years."

An act of February 10, 1887, compiled in 1897 as sections 3085–6, as follows :

" Sec. 3085. That hereafter it shall not be necessary to bring proceedings in any court to revive a judgment having been already obtained before a court of competent jurisdiction in this Territory, except in cases where such judgment had been rendered for a period of five years or more next preceding the issue of final process for the enforcement of the same.

" Sec. 3086. An execution may issue at any time, on behalf of any one interested in such judgment referred to in the above section, within five years after the rendition thereof, and without the necessity of bringing an action to revive the same."

An act of February 24, 1891, as follows :

" Section 1. That so much of the laws of the Territory of New Mexico as is compiled as section 1861 of the Compiled Laws of the Territory of New Mexico of 1884 be and the same is hereby repealed, and the following be and is hereby substituted therefor :

" Sec. 2 ' (1861). Actions founded upon any judgment of any court of the Territory of New Mexico may be brought within seven years from and after the rendition of such judgment, and not afterward, and actions founded upon any judgment of any court of record of any other Territory or State of the United States, or of the Federal courts, may be brought within seven years from and after the rendition of such judgment, and not afterward : *Provided,* That actions may be brought upon any existing judgment which, but for this proviso, would be barred within one year from and after the passage of this act, and not afterward ; and all actions upon such judgments not commenced within the time limited by this act shall be forever barred.' "

This section was brought forward as section 2914 of the Compiled Laws of 1897.

*Mr. William B. Childers* for plaintiff in error and appellant.

*Mr. Bernard S. Rodey* for defendant in error and appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The writ of *scire facias* has been, among other things, customarily used to obtain execution on a judgment which has become dormant. At common law it lay in real actions and on a writ of annuity, if the plaintiff did not take out execution within a year and a day, and it was given, under the same circumstances, in personal actions, by the statute of Second Westminster, 13 Edw. I, St. 1, c. 45, before which act, the plaintiff was put to a new action on his judgment. Foster on Scire Facias, 2, and cases cited.

The writ in this case was taken out to obtain execution of the judgment in question. That judgment was recovered October 7, 1885, and no execution had been issued thereon. The writ was dated September 30, 1895. The statute provided that "actions founded upon any judgment of any court of the Territory of New Mexico," and "upon any judgment of any court of record of any other Territory or State of the United States, or of the Federal courts, may be brought within seven years from and after the rendition of such judgment and not afterward: *Provided*, That actions may be brought upon any existing judgment, which, but for this proviso, would be barred within one year from and after the passage of this act and not afterward ; and all actions upon such judgments not commenced within the time limited by this act shall be forever barred." It thus appears that this judgment was barred according to the terms of the act some years before the writ was issued, but it is contended that although that was so, the bar did not apply to the writ of *scire facias*, by the use of which the judgment could be revived and an execution issued upon it notwithstanding the lapse of time.

It is argued that *scire facias* is not included in the words "all actions," barred by the statute, because a proceeding by *scire facias* is not an action, and because to hold it to be would

be inconsistent with another statutory provision that actions should be commenced by " the filing in the proper clerk's office of the petition, declaration, bill or affidavit." Compiled Laws, 1884, § 1867. But we think that the averments in the writ are equivalent to a petition or declaration; and while it is true that a *scire facias* for the purpose of obtaining execution is ordinarily a judicial writ to continue the effect of the former judgment, yet it is in the nature of an action because the defendant may plead to it; and in many cases it has been classified as in substance a new action. Foster, 13; Coke Litt. 291*a*; *Fenner* v. *Evans*, 1 T. R. 267; *Winter* v. *Kretchman*, 2 T. R. 45; *Holmes* v. *Newlands*, 5 Q. B. 367; *Owens* v. *Henry*, 161 U. S. 642; *Kirkland* v. *Krebs*, 34 Md. 93; *Potter* v. *Titcomb*, 13 Maine, 36; *Gonnigal* v. *Smith*, 6 Johns. 106; *Cameron* v. *Young*, 6 How. Pr. 372; *Murphy* v. *Cochran*, 1 Hill, 339.

In *Fenner* v. *Evans* a *scire facias* had been issued to revive a judgment entered prior to the act of 17 Geo. III, c. 26, and execution had been taken out upon it. The *scire facias* and the execution were both set aside, the court holding that *scire facias* was an action within the second section of that act providing " that no action shall be brought on any such judgment already entered," etc.

By section forty of chapter twenty-seven, 3 & 4 Will. IV, it was provided that "no action, or suit, or other proceeding, shall be brought, to recover any sum of money secured by any mortgage, judgment, or lien, or otherwise charged upon or payable out of any land or rent, at law or in equity, or any legacy, but within twenty years next after a present right to receive the same shall have accrued to some person capable of giving a discharge for or release of the same. . . ." And it was held that no *scire facias* could be sued out to revive such a judgment after the lapse of twenty years. Foster, 14, 29; *Farran* v. *Beresford*, 10 Cl. & F. 319; *Farrell* v. *Gleeson*, 11 Cl. & F. 702. In these cases it was ruled that *scire facias* on a judgment was not a mere continuation of a former suit but created a new right.

In many jurisdictions provision is made for the revival of judgments by *scire facias* within a specified time, but our at-

tention is called to no such provision in these statutes. The reference to revivor in such cases treats *scire facias*, if used as an action. It was enacted by the act of 1887, now §§ 3085 and 3086 of the Compiled Laws of 1897, that it should not be necessary " to bring proceedings in any court to revive a judgment having been already obtained before a court of competent jurisdiction in this Territory, except in cases where such judgment had been rendered for a period of five years or more, . . . . " and that an execution might issue at any time, " on behalf of any one interested in such judgment referred to in the. above section, within five years after the rendition thereof, and without the necessity of bringing an action to revive the same." Assuming that *scire facias* lies under the code of New Mexico to revive a judgment, it is included in the word " action " in this section, and we think it may properly be assumed to have been used in the same comprehensive sense in the act of 1891, prescribing the limitation on " all actions founded upon any judgment."

We agree with the Supreme Court of New Mexico that the construction contended for is unreasonable and would defeat the manifest object of the legislature, and that, after a judgment is barred under the statutes of New Mexico, a *scire facias* giving a new right and avoiding the statute cannot be maintained.

*Writ of error in No. 165 dismissed; judgment in No. 247 affirmed.*