IN THE MATTER of the APPLICATION of R. MAKA for a Writ of *scire facias*.

## PUNILAMA *v.* MELE.

SUBMITTED JUNE 21, 1904.            DECIDED JULY 25, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

*Scire facias, writ of.*

> Application for a writ of *scire facias* on a judgment made November 20, 1868, in an action of ejectment: denied, it appearing by the application that the surviving defendant in the action claims by adverse possession.

PLEA OF STATUTE OF LIMITATIONS.

> A plea of the statute of limitations in a proceeding for a writ of *scire facias* is good in law if sustained by evidence.

### OPINION OF THE COURT BY HARTWELL, J.

The petitioner, R. Maka, files an application for a writ of *scire facias* to issue to one Mele (w) to show cause why a certain informal judgment made by this court November 20, 1868, should not be formally entered and execution thereon issue against said Mele for the possession of certain land in Honolulu described in the petition.

The record referred to shows that one Punilama, and her husband, Awahua, brought an action of ejectment against said Mele and her husband, Maikai, for the premises described in this application. Jury was waived and the Court, Davis, J., at the close of the plaintiff's case made an order of non-suit from which the defendants took a bill of exceptions to the court in

banco. The exceptions were sustained and a new trial was ordered. The following is the final record in the case:

"Supreme Court.　　　　　　Nov. 20th, 1868,
　　　　　　　　　　　　　　As of Octob'r Term.

| "Punilama . | In banco |
| "vs. | Ch. Jus. Allen |
| "Mele et al. | Jus. Hartwell |
| | Jus. Austin. |

"The court by Justice Austin rendered opinion, as verdict, "giving judgment to the plaintiff for the land, but without "damages.

　　　　　　　　　　　　　　"L. McCULLY, Clerk."

The application sets forth, "That subsequently thereto, no formal judgment was entered by the clerk and no execution taken out thereon, but that the said Punilama and her husband Awahua entered into possession of said premises under said judgment, but that said Mele thereafter continued to live upon a portion of said premises, described as follows: the two makai rooms of a house standing on the Ewa side of the said land and against the fence, the said house facing towards Waikiki.

"That subsequently to said judgment, by mesne conveyances, the interest of said Punilama, who was the owner of said premises and who recovered by said judgment, has been conveyed to your petitioner, R. Maka.

"That as your petitioner is informed and believes, the said Mele continued, after the Hawaiian fashion (being a friend of the former owners of the land) to live in said rooms, and so far as your petitioner knows, without paying any rent therefor other than occasionally paying something towards the water rates, but without making any claim to any right in the premises or to remain there, excepting by the consent of said Punilama and her successors in title, until a recent time, namely: within less than one year, when she, under the advice of others, first made two claims that she had a right to the land; *first,* that she had a right to the whole land under a deed from Punilama, being the same deed adjudicated to be void in this action; and *second,* that she had a right to live there on account of long residence; and being notified, declined to remove from said land. That said Maikai is dead."

The petitioner claims that this court has jurisdiction under

Section 79, Judiciary Act, 1892, which reads as follows: "All matters before the present Supreme Court in Banco shall be retained and disposed of by the Supreme Court established by this Act as if the same had come up or arisen under the provisions of this Act; and provided further, that except as above provided all causes which shall have been wholly or partially heard at the time when this Act shall go into effect, shall proceed to the completion thereof in the courts or before the justices before whom the trial of such cases has been begun, and such courts and justices shall have jurisdiction to proceed with the hearing of such causes to judgment or other disposition thereof, anything in this Act to the contrary notwithstanding."

The petitioner's counsel claim that under the authority of the *Estate of Kealiiahonui,* 9 Haw. 675, this court ought to order the judgment above recited to be formally entered in the names of the original parties and a writ of possession to issue thereon in favor of the petitioner against the surviving defendant, Mele.

It is further claimed that *scire facias* is not a new action but a continuance of the old, and that a defendant remaining in possession after judgment holds by permission of the plaintiff who recovered judgment, citing *Root v. Woolworth,* 150 U. S. 401; *Harmes v. Coryell,* 177 Ill. 505; *Hartridge v. Smith,* 89 Ia. 271.

The petitioner claims that *Waldron v. Craig's Heirs,* 14 Peters, 147, is authority for the rule that the statute of limitations does not run in favor of the defendant in *scire facias.*

In that case the original defendant having died the writ was sued against his heirs and two other persons as tenants in possession. The court said: "But how is the lapse of time to operate? It is not pretended that there is any statute or rule in Kentucky which limits a revival of the judgments; and it is very clear that at law lapse of time can only operate by way of evidence. From lapse of time and favorable circumstances, the existence of a deed may be presumed, or that an obligation has been discharged; but this presumption always arises under pleadings which would render the facts presumed proper evidence. A demurrer raises only questions of law, on the facts

stated in the writs of *scire facias* themselves. No evidence is heard; and consequently, there is no ground for presumption from lapse of time." That decision does not deny the right to plead the statute of limitations in *scire facias*.

The rule invoked by the petitioner, that a party whose title is divested by decree quieting the title to the land in the plaintiff "will be treated and considered as holding his possession in subordination to the party in whose favor the decree is rendered until he gives notice that his holding is adverse and that he claims ownership in himself," does not mean that evidence is inadmissible to show adverse possession within the meaning of the rule.

*Scire facias,* "is in the nature of an action because the defendant may plead to it; and in many cases it has been classified as in substance a new action." *Brown v. Chavez,* 181 U. S. 68 (1901).

None of the cases cited by petitioner's counsel go to the extent of holding that the statute of limitations cannot be pleaded in a proceeding in *scire facias*.

We are of the opinion that such a plea, if supported by evidence, would be good in law in such proceedings.

As this court has not jurisdiction to entertain such a plea, which requires a jury trial, the application for the writ must be denied, and it is ordered accordingly.

*Castle & Withington* for petitioner.