## UPTON–LANG CO. v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK.

### No. 4633.

Circuit Court of Appeals, Third Circuit.
March 2, 1932.

John A. Spaeder and Marsh & Eaton, all of Erie, Pa., for appellant.

Lewis M. Stevens, of Philadelphia, Pa., and English, Quinn, Leemhuis & Tayntor, of Erie, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court vacating a judgment entered in favor of the plaintiff for want of an affidavit of defense and giving the defendant an opportunity to defend.

Complaint in this case was filed by the Upton-Lang Company against the Metropolitan Insurance Company of New York, hereinafter called the insurance company, in the common pleas court of Erie county at Erie, Pa., on October 3, 1930. On December 2, 1930, a petition for removal of the cause into the United States District Court was filed, and on December 29, 1930, within the time allowed by law, a certified copy of the record from the common pleas court was filed in the United States District Court, and the case was docketed at Pittsburgh,

Pa. An affidavit of defense was not filed within thirty days thereafter as the law required. On January 22, 1931, the plaintiff wrote the attorneys of the defendant requesting that an affidavit be filed. On the following day, defendant's attorneys replied as follows: "We beg to advise you that we will file an affidavit of defense in this matter sometime during the week commencing January 26th and as early during that week as we possibly can."

Relying on that promise, plaintiff's attorneys had the case marked for trial at the March term of court at Erie. Instead of filing the affidavit of defense as promised, the attorneys for the defendant on February 16, 1931, filed a petition on behalf of the Savage Bros., principal on the bond on which suit was brought, praying that they be allowed to intervene as defendants in this case. The prayer was denied, and the petition dismissed March 3, 1931.

Two days later. judgment was entered for the plaintiff for want of an affidavit of defense. On March 16, 1931, defendant filed a petition in the District Court to open the judgment entered on March 5th. On April 27, 1931, the court entered an order vacating the judgment entered on March 5th, and from this order the plaintiff appealed.

The plaintiff says that the order of April 27, 1931, vacating the judgment of March 5, 1931, should be set aside because the term in which the judgment was entered had passed and the court had lost jurisdiction over it.

■■ Upon the removal of this case into the federal court, the rules of law of the federal court as to opening judgments and the loss of jurisdiction with the passage of the term prevail and not the rules of the state court. Loewe et al. v. Union Savings Bank (D. C.) 222 F. 342. It is a general rule of law in federal courts that all orders, judgments, and decrees of courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may within that term be set aside, vacated, modified, or annulled. But it is a rule equally well established that, after the term has ended, the court loses jurisdiction over all final judgments and decrees unless suitable steps be taken within that term to set aside, modify, or correct them. Bronson v. Schulten 104 U. S. 410, 26 L. Ed. 797; Phillips v.

Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129.

■ Had the term expired when the court entered its order on April 27, 1931, vacating its judgment of March 5, 1931?

The appellee says that it had not, because there are two divisions in the Western District of Pennsylvania, a Pittsburgh and an Erie division, and this case was appealed to, and docketed in, the Pittsburgh division, and the case accordingly belonged to that division.

The appellant says that this case belonged to the Erie division of the Western District of Pennsylvania and the rules of law applicable to the terms of court in that division control this case.

The statute provides that: "Terms of the district court shall be held at Pittsburgh on the first Monday of May and the second Monday of November, and terms of the court shall be held at Erie on the third Monday of March and the third Monday of September." Judicial Code § 103, 28 USCA § 184. Accordingly the November term of court at Pittsburgh began on the second Monday of November and continued until the first Monday of May. Therefore April 27, 1931, the date on which the order appealed from was entered, was within the November term of court held at Pittsburgh, and the court had the power on that date to vacate a judgment made in that term, on March 5, 1931, if the case belonged to that division.

The September term of court began in the Erie division on the third Monday of September, 1930, and continued until the third Monday of March, 1931. This was March 16, 1931. This term of court closed with the opening of the March term on that day. The appellee says that there is no evidence in the record that the application to vacate the judgment of March 5, 1931, was made before that term closed and the court opened its March term on March 16, 1931. The opinion of the court and the entire proceedings are based on the fact that the application was made after the September term in the Erie division had closed on the morning of March 16, 1931, and so we assume this to be the fact. Therefore, if this case belonged to the Erie division, the term had expired before the application was made to vacate the judgment, and the court had lost jurisdiction over its judgment entered in the case on March 5, 1931.

The statute controls as to which division the case belongs. It provides that: "In all cases of the removal of suits from the courts of a State to the district court of the United States such removal shall be to the United States district court in the division in which the county is situated from which the removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of United States courts, shall be deemed to refer to the terms of the United States district court in such division." Section 153, Judicial Code, 28 USCA § 114. The city of Erie is in Erie county, and Erie county is in the Erie division. The terms of court in the Erie division, therefore, control as to the orders, judgments, and decrees made in this case. When the September term of the Erie division expired, and the March term opened on March 16, 1931, the court lost jurisdiction over the judgment entered in the case on March 5, 1931, and had no power to make an order on April 27, 1931, vacating it.

The appellee says that the appellant waived its right to enter judgment for want of an affidavit of defense "by voluntarily placing the case at issue and having the same marked for trial at Erie." We are not persuaded that this is true, and the facts in the cases cited in support of this contention are distinguishable from those in the case at bar and do not support the proposition for which appellee contends.

The order of April 27, 1931, vacating the judgment of March 5, 1931, is reversed, with directions to proceed in accordance with this opinion.