## SUN INDEMNITY CO. OF NEW YORK et al. v. UNITED STATES.

### No. 6277.

Circuit Court of Appeals, Third Circuit.

June 17, 1937.

Messano & Messano and Ralph P. Messano, all of Jersey City, N. J., for appellants.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and Wm. F. Smith, Asst. U. S. Atty., of Trenton, N. J., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

On January 11, 1933, the appellant Bilquez caused the appellant Sun Indemnity

Company of New York to become surety upon a recognizance in the sum of $2,000 for Felice Piccolo, he having been charged with violation of the National Prohibition Act, 27 U.S.C.A. § 1 et seq. The recognizance was conditioned for the appearance of Piccolo before a United States Commissioner upon a day certain. Whether the recognizance was filed with the clerk of the District Court of the United States for the District of New Jersey or with the United States Commissioner does not appear from the record, though in the scire facias on the recognizance, referred to hereafter, it appears that the recognizance was "taken and acknowledged" before the Commissioner. Since in our view the question of where the recognizance was filed is immaterial, I shall not dwell upon this question further. On September 13, 1933, Piccolo having failed to appear and Sun Indemnity Company of New York having failed to produce him in accordance with the terms of the recognizance, on September 18, 1933, a writ of scire facias issued out of the District Court and was duly served upon Sun Indemnity Company of New York. On October 19, 1933, the indemnity company having entered no appearance, a judgment was entered against it in favor of the United States of America, which amounted to the sum of $2,000, with costs of $42.20. Upon June 5, 1934, the case against Piccolo was nolle prossed. On September 25, 1936, nearly three years later, Sun Indemnity Company and Bilquez petitioned the District Court to cancel the judgment and satisfy it of record and to remit the forfeiture upon such terms and conditions as it should deem appropriate.

■ The appellants contend that the District Court was without jurisdiction to enter the judgment in the scire facias proceedings and that it should now be vacated. There is no doubt, as the appellants contend, that a scire facias is in legal effect a declaration. Browne v. Chavez, 181 U.S. 68, 71, 21 S.Ct. 514, 45 L.Ed. 752. But the appellants take the position that if a declaration is defective and fails to state a cause of action, a judgment based upon it is void. With this contention we cannot agree. The District Court had jurisdiction of both the subject-matter and of the parties and however erroneous a judgment entered under such conditions may be, it is not void, but is a valid and conclusive judgment upon the parties. Dowell v. Applegate, 152 U.S. 327, 14 S.Ct. 611, 38 L.Ed.

463; Dickson v. Wilkinson, 3 How. 57, 11 L.Ed. 491; International Indemnity Co. v. Steil (C.C.A.) 30 F.(2d) 654. If the judgment was erroneous, it should have been attacked directly by an appeal. No appeal was taken and the judgment is therefore in the position of any other rendered in a term which has now expired. It is well settled that in such cases a District Court is without jurisdiction to open or vacate a judgment. Bronson v. Schulten, 104 U.S. 410, 26 L.Ed. 797; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. The fact that the judgment was erroneous makes no difference. Upton-Lang Co. v. Metropolitan Casualty Co. (C.C.A.) 57 F.(2d) 133; Henry et al. v. United States (C.C.A.) 46 F.(2d) 640, 642.

■ But, assuming that the District Court had jurisdiction to vacate and set aside its judgment rendered on October 19, 1933, let us deal specifically with the right of the court to remit the whole or any part of the penalty incurred by the forfeiture of the recognizance. This right is not governed, as contended by the appellants, by section 113, 2 Compiled Statutes of New Jersey 1910, p. 1856, § 113 (New Jersey Criminal Procedure Act), in conjunction with Rev. St. § 1020, 18 U.S.C.A. § 601, but is governed entirely and exclusively by the federal statute referred to, which is as follows:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

■ The statute above quoted makes entirely plain the conditions under which a court may in its discretion remit the whole or a part of the penalty. The first of these conditions is that there has been no willful default of the party. The fact that Bilquez made every effort to produce Piccolo cannot help the appellants. The word "party" as used in the section of the statute referred to refers to the principal upon the bond or recognizance, in this case Piccolo. Weber v. United States (C.C.A.) 32 F.(2d)

122

110; United States v. American Bonding Company (C.C.A.) 39 F.(2d) 428. There is nothing whatsoever upon the record of this which indicates that the default of Piccolo was not entirely willful. At the appointed time he simply failed to appear, and so far as any evidence shows, he has not been heard of since. In view of this conclusion, we need go no further.

The order of the District Court dismissing the petition of the appellants is affirmed.