## UNITED STATES v. SNYDER.

### No. 9497C.

District Court, M. D. Pennsylvania.
April 29, 1938.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., for the United States.

Benj. L. Levi, of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This is a petition of the surety on a recognizance for remission of a forfeiture. On June 4, 1937, Staunton Snyder, principal, and Charles C. Crone, surety, executed a recognizance or bail bond in the sum of $500 before Sidney E. Friedman, United States Commissioner. The recognizance was conditioned for the appearance of Snyder to answer a charge of violation of section 73, title 18, U.S.Code, 18 U.S.C.A. § 73. Snyder was indicted on October 15, 1937, and the recognizance was forfeited on October 20, 1937, when defendant failed to appear as required by the recognizance; his name having been called in open court on October 18, 1937, on October 19, 1937, and on October 20, 1937, and a telegram having been sent to the surety on October 18, 1937, advising him of the failure of the defendant to appear. On November 8, 1937, a fieri facias issued for collection of the judgment entered on the forfeiture of the recognizance, and on November 23, 1937, a levy was made upon the personal property of the surety. On December 2, 1937, the surety, Charles C. Crone, filed a petition for remission of the forfeiture of the recognizance and obtained a rule to show cause why the forfeiture should not be remitted.

The right of the court to remit the penalty incurred by the forfeiture of the recognizance is governed by section 601, title 18, U.S.Code, 18 U.S.C.A. § 601, Rev.

162

St. § 1020, which provides as follows: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

Under this statute the conditions under which the court may remit the penalty are plain. The first of these conditions is that there be no willful default of the party. The word "party," as used in this section, means the principal upon the recognizance—in this case Snyder. Weber v. United States, 8 Cir., 32 F.2d 110; Sun Indemnity Co. of New York v. United States, 3 Cir., 91 F.2d 120. Furthermore, the burden of showing that the default was not willful is upon the surety. United States v. Costello, 6 Cir., 47 F.2d 684.

The default of Snyder appears to have been willful; therefore, the petition must be dismissed and the rule discharged.