Application of STEGMAN.
No. J-7.

District Court, D. New Jersey.
June 6, 1941.

William F. Smith, Acting U. S. Atty., of Newark, N. J., and Thorn Lord, Asst. U. S. Atty., of Trenton, N. J., for the Government.

Harold Simandl, of Newark, N. J., for respondent.

FAKE, District Judge.

On October 22, 1928, one Max L. Stegman filed a petition in this court alleging that on the 9th day of December, 1921, he was indicted in this district charged with bribing one Marcus L. W. Norris; that in May of 1922 he was tried on the indictment and $2,000 of his money was offered in evidence as the bribe money involved in the case; and that he denied the charges of the indictment and was found not guilty by the verdict of the jury. The petition further alleges on information and belief that the money had been transmitted to the Treasurer of the United States and concludes with a prayer for its return.

The trial above mentioned took place before the Honorable Charles F. Lynch then a Judge of this court. After Judge

Lynch had resigned his office as Judge and on the 26th of October, 1928, the late Judge Runyon referred the issues raised on the petition to the Honorable Charles F. Lynch, as special master to report to the court thereon, and on the 16th of November, 1928 he, as special master, reported that Stegman was entitled to possession of the money and his report was confirmed by Judge Runyon. Thereupon, on November 19, 1928, Judge Runyon signed an order directing the Treasurer of the United States to pay the sum of two thousand dollars unto the said Stegman and his attorney Harold Simandl "in the cause of the United States of America against Max L. Stegman * * * on indictment No. 14266."

On January 13, 1930, Judge Runyon signed an order to show cause why his order of November 19, 1928, should not be vacated. There was no petition upon which this order to show cause was based nor were any affidavits filed in connection therewith. It recites, however, that it was issued upon the representation of the District Attorney that the court was without jurisdiction to make such an order. In this posture the order peacefully rested, so far as the record before me discloses, until February 28, 1939, a period of nearly nine years, when, for the first time, on motion of the District Attorney, it came before the court for judicial attention. On presentation of the issues on the date last above mentioned, I dictated a statement of facts on the record, and it appearing that the District Attorney took the position that the order of Judge Runyon, directing the Treasurer to make payment as aforesaid was void and that counsel for petitioner vigorously joined issue thereon, I directed that the District Attorney file a brief and submit a copy to opposing counsel within two weeks and that an answering brief be filed within two weeks thereafter. In this posture again the matter quietly rested until July 12, 1940, a period of one year, four months and some days, when the District Attorney got around to filing his brief. Thereafter, in the like spirit of expedition counsel for petitioner struck a posture in which the matter dozed until January 17, 1941, a period of six months and five days when the answering brief was filed. Whereupon the court itself, affected perhaps to a lesser extent by the same malady, struck a posture from which it now emerges to bestir itself after four months and twenty days

The problem presented, however, is an important one, and what has been said concerning delay is not to be construed in a frivolous vein but rather as placing the dilatoriness where of right it belongs in the ratios disclosed by the record, and to express the conviction that such delays are injurious and unfair to all parties concerned and should be frowned upon by the court.

When Judge Runyon signed the order to show cause of January 13, 1930, the term of court in which he had entered his final order had expired, and counsel for the petitioner takes the view that he was wholly without the power to reconsider his prior action. As to this the District Attorney contends that the final order of November 19, 1928 was void because the court was without jurisdiction to enter it, and therefore, notwithstanding the passing of the term the court may now reverse it.

Title 18 U.S.C.A. § 570 reads as follows: "Disposition of bribe moneys. All moneys received or tendered in evidence in any case, proceeding, or investigation in any United States court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall after the conclusion and final disposition of the particular case, proceeding, or investigation in which it was received as evidence, be deposited in the registry of the court to be disposed of under and in accordance with the order, judgment or decree of the said court, to be subject, however, to the provisions of section 852 of Title 28. (Jan. 7, 1925, c. 33, 43 Stat. 726.)"

Bearing on the problem here, Title 28 U.S.C.A. § 852 reads as follows:

"Same [Moneys Paid into Court]; withdrawal. No money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said court, respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn.

"In every case in which the right to withdraw money so deposited has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge or judges of said court, or its successor, to cause such money to be deposited in the Treasury of the United States, in the name and to the credit of the United

States. Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders. (R.S. § 996; Feb. 19, 1897, c. 265, § 3, 29 Stat. 578; Mar. 3, 1911, c. 224, 36 Stat. 1083.)"

It is alleged in the petition that the two thousand dollars in question was transmitted by the "postal authorities" to the Treasurer of the United States in April of 1926 "in accordance with the statute in such case made and provided." It, of course, at once appears on the face of the petition that the money was not deposited in conformity with the statutes above cited, since those statutes require the depositing of bribe money in the registry of the court where it should remain for five years subject to court order, and thereafter it becomes the duty of the court to cause it to be deposited in the Treasury of the United States where it should remain as an appropriation for payments in obedience to further orders of the court.

The departure from the statute in the instant case is found in the failure of the court and the clerk to hold the money after it was offered in evidence and then further failing to deposit it in the registry of the court. Apparently the postal authorities walked off with the money wholly without authority and accounted for it as they thought, properly, by turning it over to the Treasurer.

The District Attorney states in his brief that the money found its way to the Postmaster General who deposited it in the Treasury of the United States "as a miscellaneous item on account of the field service of the Post Office Department." Petitioner's brief states that this is not a fact and asserts that the money is held as an identifiable fund by symbol #47001 C/D 2918. Here again there is no evidence in the record to sustain either statement, unless it be an admission appearing in the stenographic record hereinafter mentioned. However, it seems to be conceded as asserted in the petition, that the money is now where the statute requires it to be at this time except that it is not there under an order of this court, and therefore it is not specifically allocated to the particular account against which an order of this court might be directed. In a proper proceeding before an authorized tribunal, the fund might be followed, and brought back here for disposition to the petitioner to whom in equity and good conscience it apparently belongs. Perhaps this is a matter which, in the interest of justice, the elimination of red tape and the exercise of fair play might be brought about by departmental conferences and proper orders in relation thereto. Such considerations and disposition, however, require a study of the law and the facts which are not properly before me in this proceeding. As I see it the only question properly presented for present consideration is whether any virtue resides in the rule to show cause when it appears that it was entered after the expiration of the term in which the final order had been entered.

In the case of Sun Indemnity Co. of New York v. United States, 91 F.2d 120, 121, Judge Biggs, speaking for our Circuit Court of Appeals said: "But the appellants take the position that if a declaration is defective and fails to state a cause of action, a judgment based upon it is void. With this contention we cannot agree. The District Court had jurisdiction of both the subject-matter and of the parties and however erroneous a judgment entered under such conditions may be, it is not void, but is a valid and conclusive judgment upon the parties. * * * If the judgment was erroneous, it should have been attacked directly by an appeal. No appeal was taken and the judgment is therefore in the position of any other rendered in a term which has now expired. It is well settled that in such cases a District Court is without jurisdiction to open or vacate a judgment." (See the cases there cited.)

There can be no question in the instant case but that the court had jurisdiction over the parties and as well over the subject matter if it affirmatively appeared that the two thousand dollars was under the control of the court at the time Judge Runyon ordered it paid over to the petitioner. In this connection I turn to the Master's Report wherein he said: "I further report that the said $2,000.00 was transmitted and deposited in the Treasury of the United States at Washington, D. C. in accordance with Section 996, Revised Statutes of the United States as amended." This, of

course, does not conform with the allegation in the petition as hereinbefore quoted, because it does not appear in the Master's Report that the money was deposited by the postal authorities. Giving the report its full significance, however, it amounts to saying that the money was caused to be deposited in the Treasury by a judge or judges of this court. Whether or not it was so deposited is a question of fact. The Master having found as above, the judge confirmed the finding by his order of November 19, 1928 as being "in all things correct."

It is apparent on the face of the record that no one involved gave careful consideration to the language of Section 996 until after the final order had been entered and the term had expired, for if they had, it would then have been found that the Master was in error in finding as he did. According to the stenographic record, the only proof before the Master as to where the fund was and who deposited it was an admission made by the District Attorney that it was turned over to the postal authorities, to the Treasury Department and is now in the miscellaneous funds. Obviously, this falls short of the necessary proof to conclude that the money was deposited pursuant to Section 996, since the postal authorities were without power to function under that section unless perchance the court caused them to, and as to such action by the court the record is silent.

Notwithstanding that I am convinced beyond a reasonable doubt that the money in question was never deposited in the registry of this court pursuant to Title 18 U.S.C.A. § 570, and never caused to be deposited in the Treasury of the United States pursuant to Title 28 U.S.C.A. § 852, R.S. Sec. 996. Yet, nevertheless, I am compelled for present purposes to allow the final order to stand because the report by the Master that it was so deposited, and the confirmation of the report by the court discloses on the face of the record that the subject matter at issue, to wit, the question of the disposition of the money in question was properly before the court. It therefore follows that the court had jurisdiction. This is not to say that the adjudication was sound. Clearly, it was not, but this court is powerless to correct it after the expiration of the term in which it was entered.

The rule to show cause is dismissed.