CASE 3—PETITION ORDINARY—APRIL 17.

# Rankin vs. Barnes.

APPEAL FROM HARRISON CIRCUIT COURT.

1. In a suit in Kentucky on the record of a judgment recovered in the State of Indiana, although the judgment in that State is apparently harsh and erroneous, yet not being revisable in a Kentucky court, it must operate as valid and conclusive until reversed in Indiana. But—

2. A counter-claim which was dismissed in the suit in Indiana for alleged want of prosecution, being unlitigated, may be plead as a defense in the suit on the Indiana judgment in this State.

W. W. TRIMBLE,          For Appellant,

CITED—

*Revised Statutes*, 1 *Stanton, sec.* 18, *p.* 468.

*Greenleaf on Ev., sec.* 506, &c.

3 *Bibb*, 369; *Stephenson vs. Bannister.*

A. H. WARD,          For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The record of the Indiana judgment in the appellee's favor against the appellant is sufficiently authenticated for sustaining this action upon it in the circuit court for Harrison county, Kentucky; and, though the judgment is apparently harsh and erroneous, yet, not being revisable by this court, it must operate as valid and conclusive until reversed in Indiana.

But the appellant's separate suit against the appellee in Indiana, on their contract of assignment, never having been tried on its merits, the simple dismission of it for alleged want of prosecution is no bar to further remedy upon the same cause of action; and, consequently, the

non-resident appellee, not being suable here by original process, the appellant may, as attempted by his answer in this case, plead, as a counter-claim, his cause of action on the assignment hitherto unlitigated; and, therefore, as the answer· apparently presents an available counter-claim, the circuit court erred in sustaining a demurrer to it.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings.