WILLIAM A. GORDON, Respondent, *v.* PETER S. BRUNER, Appellant.

1. *Set-off — Recoupment — Counter-claim.* — Under the term counter-claim is included what was before known as matter of set-off and recoupment.

2. *Actions — Conversion — Tort may be waived, etc.* — In case of the conversion of personal property, where the same has not been sold by the wrong-doer, but still remains in his hands, the owner may waive the tort and sue as for goods sold and delivered.

   In suit on a note given by the vendor of land for the purchase-money, defendant may recoup the value of a crop taken from the land by the vendor after sale.

3. *Practice, civil — Set-off and recoupment — Distinction between.* — The distinction between set-off and recoupment is now important only from the fact that the former must arise from contract, and can only be used in an action founded upon contract; while the latter may spring from a wrong, provided it arose out of the transaction set forth in the petition, or was connected with the subject of the action.

4. *Recoupment — Affirmative judgment may be given defendant in.* — Under the present code, defendant may recover a balance found to be his due, as well by recoupment as by set-off.

*Appeal from Perry Circuit Court.*

*Nicholson, Killian & Gordon,* for appellant, cited in argument Schubart v. Harteau, 34 Barb., N. Y., 447; Signot v. Redding, 4 E. D. Smith, N. Y., 285 ; Waterm. Set-off, § 6 ; 1 Vans. Pl., 2d ed., 554; Austin v. Feland, 8 Mo. 309; Waterm. Set-off, § 286 ; Grand Lodge v. Knox, 20 Mo. 433 ; McIlvaine v. Harris, 20 Mo. 457; 4 Kent, 549 ; 1 Nash, 104, § 13.

*Robinson & Johnson,* for respondent, cited in argument Slyback v. Jones, 9 Ind. 470 ; Barhyte v. Hughes, 33 Barb. 320 ; Waterm. Set-off, etc., 154–5, 149, 150, §§ 124–5 ; 49 Ill. 90 ; 48 Ill. 408 ; 42 Ill. 500 ; 3 Gill, 227; Barb. 320 ; Pratte v. Menkins, 18 Mo. 158.

BLISS, Judge, delivered the opinion of the court.

In an action upon a promissory note for $1,000, the defendant, by way of counter-claim, sought to set-off or recoup the value of a crop of corn taken by the plaintiff from his farm. It appears that the plaintiff conveyed the farm to the defendant without reserving the growing crops, and afterward harvested a crop of corn without his consent. It also appears that plaintiff is a non-resident, and unless the defendant can recover in this manner he is without present remedy.

Under the statutory term "counter-claim" is included what was before known as a matter of set-off and recoupment, and it is admitted that damages for a trespass cannot be set off against a contract. Our statute in regard to counter-claims makes no change in this regard in the law as it existed before. Hence, unless the liability for taking the corn can be treated as arising on contract, the defendant cannot avail himself of it as a set-off proper.

It is, I believe, not disputed that when there is a conversion of personal property, and that property has been sold and converted into money, the owner may ratify the sale by suing the wrong-doer as for money had and received for his use. But where the property has not been sold but still remains in the hands of the wrong-doer, there is difference of opinion, and there have been conflicting decisions upon the question whether the owner may waive the tort and sue as for goods sold and delivered.

In Massachusetts, in Jones v. Hoar, 5 Pick. 285, to which there is a note to a former opinion, reviewing the English cases, it was held that no contract could be implied unless the goods were sold and converted into money.; and the same doctrine was held in Pennsylvania in Willett v. Willett, 3 Watts, 277, and in Morrison v. Rogers, 2 Ill. 317. But such has not been the uniform ruling. In Putman v. Wise, 1 Hill, N. Y., the court holds (p. 240) that "according to the well-known right of election in such cases, the plaintiffs might have brought *assumpsit* as for goods sold and delivered against those who had tortiously taken their property." To this the reporter, Mr. Hill, adds a note

reviewing the cases, and disapproves the doctrine of Jones v. Hoar. (See Hill v. Davis, 3 N. H. 384; Stockell v. Watkins' Adm'r, 2 Gill & J. 326, there cited.)

The question was early brought before this court, and it was distinctly held that the owner of personal property may bring an action as upon contract against a *tort feasor*. (Floyd v. Wiley, 1 Mo. 430.) "It does not lie in the mouth of defendant," says the court, "to say that he is a trespasser." The same case was again heard (*id*. 643), and the doctrine affirmed by it was also acknowledged in Johnson v. Strader, 3 Mo. 359.

It may be treated, then, as the doctrine in this State, that one who has converted to his own use the personal property of another, when sued for the value of that property as sold to him, will not be permitted to say in defense that he obtained it wrongfully.

The distinction between set-off and recoupment is now important only from the fact that the former must arise from contract, and can only be used in actions founded upon contract; while the latter may spring from a wrong, provided it arose out of the transaction set forth in the petition, or was connected with the subject of the action. The answer may be somewhat ambiguous as to whether the pleader intended to set up his claim as a set-off or by way of recoupment. If the former, it should have alleged a sale of the corn; and though the defendant might deny the sale and ownership of the plaintiff, he could not defend by showing that he was a *tort feasor*. If the latter, it should show that the act complained of was "connected with the subject of the action;" and although before the adoption of the code it could only go to reduce the amount of the claim, a defendant now may recover any balance found to be his due, as well by recoupment as set-off. (Hay v. Short, *ante*, 149.)

In Grand Lodge v. Knox, 20 Mo. 433, it is held that one who is sued for the purchase-money of land may recoup damages arising from the removal of fixtures by the seller. The defendant charges that the note sued on was given for the purchase-money of land, that the growing crop passed by the deed, and that the plaintiff, without his consent, removed the crop, and he

seeks to recover the value of the crop so removed.   We think he is entitled to do so by way of recoupment, and even if the answer were ambiguous, it should not have been stricken out, but made more definite.   For the error of the court in striking it out, the judgment should be reversed.

I see no necessity for the application made to the equity side of the court, and the questions raised by such application will not be considered.   The cause will be remanded for trial under the counter-claim.   The other judges concur.