No. 8976.

## BANNISTER *v.* JETT.

PRACTICE.—*Open and Close.*—The refusal of the trial court to award the defendant, upon whom the burden of the issues rests, the open and close of the case before the jury, is such error as will reverse the judgment.

JUDGMENT.—*Set-Off.*—In an action upon a judgment, the fact that a set-off existed before the rendition of the judgment does not preclude the defendant from availing himself of it as a defence to such action.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts,* for appellant.

*W. H. Bainbridge,* for appellee.

BEST, C.—This action was brought to recover the amount of a judgment alleged to have been recovered by the appellee against the appellant, on the 13th day of April, 1878, in the circuit court of Howard county, in the State of Maryland, for the sum of $5,723.02.

The appellant filed an answer of four paragraphs: 1st, general denial; 2d, payment; 3d and 4th, set-off. A reply in denial, with some special paragraphs, was filed. Subsequently, the general denial was withdrawn; the cause submitted to a jury; a verdict returned for the appellee, upon which, over a motion for a new trial, final judgment was rendered.

The appellant assigns as error the action of the court in overruling the motion for a new trial, and the only question raised is whether the court erred in refusing to allow the appellant to open and close the argument to the jury.

The several paragraphs of the answer did not expressly admit the averments of the complaint, nor did they controvert any of its allegations; but they were affirmative in their nature, and, under these issues, the appellant contends that the burthen was upon him. In this he was clearly right. This precise question has several times been decided by this court, and can not longer be deemed an open question. *Judah* v.

Bannister *v.* Jett.

*Trustees, etc.,* 23 Ind. 272; *Fetters* v. *Muncie National Bank,* 34 Ind. 251 (7 Am. R. 255); *Heilman* v. *Shanklin,* 60 Ind. 424.

In the case last above cited, the question was fully discussed, the cases bearing upon it examined, and the conclusion reached that a defendant, under similar issues, was entitled to open and close the argument before the jury. The ruling of the court upon this question was erroneous.

The appellee, however, insists that if the ruling was wrong, it was harmless, as the record shows that no evidence was introduced to prove payment, and, as the set-off consisted of an unliquidated claim held by the appellant at and before the appellee recovered his judgment against him, it was immaterial, and may be disregarded.

We know of no rule of law that precludes the appellant from availing himself of his set-off, simply because he held it at the time the judgment was recovered against him. Nor does the fact that the claim was unliquidated authorize the court to disregard it. Our statute provides that a set-off may consist of an unliquidated claim. Code of 1852, section 57. The question raised by appellant can not thus be avoided.

The appellee has assigned cross errors, alleging that the court erred in overruling the demurrer to the third and fourth paragraphs of appellant's answer; but as no mention is made of these paragraphs in the argument, other than as above stated, no further notice will be taken of them.

For the error in refusing to allow the appellant to open and close the case, the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant a new trial.

Opinion filed at November term, 1881.
Petition for a rehearing overruled at May term, 1882.