St. Louis School Board v. Broadway Savings Bank.

The Board of President and Directors of the St. Louis Public Schools, *Plaintiff in error*, v. The Estate of the Broadway Savings Bank.

1. **Counter-Claim.** The cause of action accruing to a bank against its cashier for wrongfully permitting an overdraft arises on contract, within the meaning of the statute relating to counter-claims.

2. **Bank Cashier.** The pendency of a suit by the bank against the cashier for this breach of his bond, does not affect the bank's right to set up the overdraft as a counter-claim to a demand by the cashier's assignee.

3. **Counter-Claim.** A counter-claim may be made to a claim by the debtor's assignee in the circuit court, though it has not been pleaded before the assignee.

4. ———: ——— assignee. An assignee's statutory power to adjust and allow claims confers no larger power in relation to counter-claims than that given to the courts.*

*Error to St. Louis Court of Appeals.*

Affirmed.

*Broadhead & Haeussler* for plaintiff in error.

*John D. Davis* for defendant in error.

Norton, J.—It was held in this case by the St. Louis court of appeals, that a cause of action, accruing to a bank against its cashier for wrongfully permitting an overdraft, arises on contract within the meaning of the statute relating to counter-claims; and that the pendency of a suit by the bank against the cashier for this breach of his bond does not affect the bank's right to set up the overdraft as a counter-claim to a demand claimed by the cashier's assignee against the bank, and that a counter-claim may be made to a claim by the debtor's

———
*These syllabi are taken from 12 Mo. App. 104.

assignee in the circuit court, though it has not been pleaded before the assignee. From these rulings by the court of appeals the plaintiff has appealed. We are of the opinion that the rulings made are sustained by the authorities referred to in the opinion of the court, as well as by the reasoning therein contained, and, therefore, affirm the judgment of said court reversing the judgment of the circuit court and remanding the cause. All concur. The opinion is reported in 12 Mo. App. p. 104.