### ROSE v. NORTHWEST FIRE & MARINE INS. CO.

#### (Circuit Court, D. Oregon. April 22, 1895.)

#### No. 2,157.

1. ACTION ON JUDGMENT—DEFENSES.
    In an action on a judgment rendered in another state, defendant may show that the judgment was obtained by collusion between plaintiff and one who represented himself to be an agent of defendant for the purpose of being served.
2. SAME—COUNTERCLAIMS.
    In an action on a judgment between the original parties, defendant may plead a counterclaim growing out of a contract between them.

Action by Rose, receiver of the Consolidated Mutual Fire Insurance Company, against the Northwest Fire & Marine Insurance Company on a judgment.

R. S. Strahan and Rufus Mallory, for plaintiff.

Zera Snow, for defendant.

BELLINGER, District Judge.    This is an action by Rose, as receiver of the Consolidated Mutual Fire Insurance Company, upon a judgment rendered in Illinois in 1891, for above $6,000.    Plaintiff moves to strike out three separate defenses pleaded by the defendant.    These are:    (1) That the judgment sued on was fraudulently obtained by collusion of the plaintiff company with, and a pretended service of summons upon, one Louis Iott, who represented himself as the agent of the company for the purpose of being served, to the end that said judgment should be had against the company; that such service was had in pursuance of such collusive understanding, upon which service, and not otherwise, the judgment in question was rendered; that said Iott was not in fact the agent of the defendant, nor authorized to represent it.    (2 and 3) Counterclaims growing out of a certain contract of reinsurance by the plaintiff's company of the defendant on account of policies issued by it, under which contract the plaintiff's corporation became liable to the defendant in an amount greater than the judgment in suit.

In an action on a judgment rendered in another state the defendant, notwithstanding the record shows a return of the sheriff that he was personally served with process, may show the contrary, and that the court never acquired jurisdiction of his person. Thompson v. Whitman, 18 Wall. 457; Downs v. Allen, 22 Fed. 805; note to Union Trust Co. v. Rochester & P. R. Co., 29 Fed. 609;

Knowles v. Coke Co., 19 Wall. 59. The judgment of one state, sued on in another state, is conclusive as to all matters going to the merits of the controversy, but not as to the facts conferring jurisdiction. I am of opinion that the defendant is entitled to plead the counterclaims relied upon. Under the allegations of the answer, these claims might be made the ground of an independent action. In such an action the judgment of the Illinois court could not be pleaded in bar. The judgment is conclusive only as to matters necessarily within the adjudication that has been had. The judgment in this case was upon the defendant's obligation as a stockholder to pay assessments levied upon its stock. The counterclaims grow out of a contract for reinsurance between the parties. The defendant, as between the original parties, may show payment of the judgment by parol, and with equal reason he may show a counter liability in discharge of it. The rule no longer obtains that the discharge of obligations, resting upon records and sealed instruments, can only be shown by evidence of the same high character as that which creates the obligation. The motion to strike out as to all the separate defenses is denied.