### ROSE v. NORTHWEST FIRE & MARINE INS. CO.

(Circuit Court, D. Oregon. January 7, 1896.)

No. 2157.

PRACTICE—COUNTERCLAIM—ACTION ON CONTRACT—OREGON CODE.

   An action upon a judgment of another state is an action arising on contract, within the meaning of the provision of the Code of Oregon that, in

such an action, any other cause of action, arising also on contract, and existing at the commencement of the action, may be pleaded as a counterclaim.

This was an action by Charles E. Rose, receiver of the Consolidated Mutual Fire Insurance Company of Chicago, Ill., against the Northwest Fire & Marine Insurance Company of Portland, Or., upon a judgment recovered in Illinois. A motion to strike out parts of the answer was denied. 67 Fed. 439. Plaintiff demurred to the answer and to a counterclaim therein set up.

Rufus Mallory, for plaintiff.

Zera Snow, for defendant.

BELLINGER, District Judge. In this case there is a demurrer to three several parts of the answer, by which are again raised the same questions heretofore decided on the motion to strike out all the separate defenses set up in the answer. Upon that hearing it was decided that, in an action on a judgment of another state, the defendant may show, notwithstanding the record to the contrary, that he was not served with process, and that the court did not acquire jurisdiction of his person; that such judgment is conclusive as to all matters going to the merits of the controversy, but not as to the facts conferring jurisdiction; and that the defendant is entitled to plead the counterclaim set up in its answer. 67 Fed. 439. The last of these questions is the only one that I shall now consider. The Code provides that, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action, may be pleaded as a counterclaim. It is contended for the demurrer that an action upon a judgment is not upon contract, within this provision; and this view is directly held in Rae v. Hulbert, 17 Ill. 572, under a statute like that of this state. The court says:

"We cannot agree with counsel that a judgment is a contract, within the meaning of this statute. It is the conclusion of the law upon the rights of the parties, and it is not very common that it is entered up by the agreement of the unsuccessful party, but the reverse is generally the case. In this statute the words 'action,' 'contract,' and 'agreement' are used in their ordinary sense, and not with the intention of embracing every imaginable litigation upon every cause of action. A judgment is no more a contract than is a tort."

The case of Crawford v. Executors of Simonton, 7 Port. (Ala.) 110, is also cited in support of the demurrer; but in that case the conclusiveness of the judgment sued on is placed upon the ground that the matter pleaded in defense was available in the action where the judgment was rendered, and it is held that it is not allowable to interpose any plea that might have been pleaded in the first action. It is claimed that the Illinois case should be conclusive here, because the judgment sued on in this action is a judgment of that state. The question must, however, be decided upon the weight of authority, and whether judgments of other states are "contracts," within the Oregon statute, must be left to the interpretation of that statute; otherwise, it will result that a judgment of New York

must be held to be a "contract," and a judgment of Illinois not to be one, within the meaning of the same statute, since the highest courts of these states hold opposite views on this subject. The weight of authority is against the view taken by the supreme court of Illinois. It is held in Kentucky, Pennsylvania, Iowa, and New York that a judgment is a contract, within the meaning of statutes in effect like that of this state. Rankin v. Barnes, 5 Bush, 20; Taylor v. Root,* 43 N. Y. 335; Johnson v. Butler, 2 Iowa, 535; Hogg v. Charlton, 25 Pa. St. 200. In the New York case cited, the judgment sued on was recovered in an action founded on tort. The court say that the nature of the action wherein the judgment was recovered, and the cause thereof, were wholly immaterial, and in no manner affected the right of counterclaim. I shall follow the rule which seems to me to be thus supported by the weight of authority.

It was urged on the argument that the defendant is a stockholder in the plaintiff company, and that the judgment in this action was recovered for assessments levied upon the stock so held by defendant. It does not appear, however, that the judgment in question was recovered upon defendant's liability as a stockholder in the plaintiff company, or that defendant was such stockholder. The rule seems well settled that a stockholder cannot, in a proceeding against him by or on behalf of a creditor or creditors, set off a debt due to him by the corporation. As the case now stands, this question does not arise. The demurrer to the defense upon the merits of the judgment upon which the action is brought is sustained. As to the other defenses, the demurrers are overruled.