ISAAC H. CRANE, Respondent, v. SARAH C. MURRAY et al., Appellants.

Kansas City Court of Appeals, April 4, 1904.

1. TRIAL PRACTICE: Counterclaim: Statutory Construction. Under section 605, Revised Statutes 1899 when plaintiff's claim is based on contract a counterclaim under the first clause must arise out of the subject-matter of plaintiff's action or be connected therewith or related thereto; and under the second clause it must be on contract whether it be founded on that declared on by the plaintiff or any other however disconnected or independent.

2. ——: ——: ——: **Tort.** Under the Missouri rule wherever the tort may be waived and implied assumpsit brought, such right of action may be sustained as a counterclaim under the second division of the statute.

3. ——: ——: ——: ——. In some jurisdictions before a tort can be waived and action in assumpsit maintained the property must have been sold; in other jurisdictions a mere detention of the property will not warrant action in assumpsit unless it has been consumed or changed; but the Missouri doctrine is that where the property is converted the tort may be waived and assumpsit brought whether the property has been sold, consumed or changed in form and this seems to be the better doctrine.

4. ——: ——: ——: ——: **Pleading: Landlord's Lien.** A landlord's lien is a right given by statute without prior existence and there is nothing in the mere purchase of products known to be grown on rented premises that ought to bind the conscience of the purchaser or prevent his denying that he promised to pay the landlord's lien, unless he, at the time of the transaction, knows the rent is unpaid; and implied assumpsit arises only where equity and good conscience requires it and the pleading summarized in the petition does not state a counterclaim.

5. ——: ——: ——: ——: ——: ——. A pleading intending to waive a tort and count in assumpsit should in some appropriate way disclose such intention.

Appeal from Daviess Circuit Court.—*Hon. J. W. Peery,* Special Judge.

AFFIRMED.

*J. A. Selby* and *W. G. Callison* for appellant.

(1) The defendant, Sarah C. Murray, had a cause of action against the plaintiff arising out of a contract between himself and the defendant's tenant for the sale of the corn, clearly given to her by section 4123, Revised Statutes 1899, upon which she could maintain a separate action against the plaintiff. The relation of creditor and debtor was thereby created, and she should have been allowed to prosecute her suit by way of counter-

claim. R. S. 1899, sec. 4123; R. S. 1899, sec. 604 and 605; Belcher v. Batdorff, 98 Mo. App. 627; Green v. Conrad, 114 Mo. 651; McAdow v. Ross, 53 Mo. 199. (2) Even conceding that Mrs. Murray might have sued the plaintiff Crane in trespass, and under that view her action would have sounded in tort, yet it is equally true that she had the right to waive the tort and sue in assumpsit. Crane was undoubtedly liable to Mrs. Murray for the reasonable value of the corn in an action therefor of *indebitatus assumpsit,* i. e., as on an implied contract. The third count in the answer is a pleading of this character, no suit in trespass is there pleaded or a judgment sought involving in the least degree an inquiry of unliquidated damages, it is nothing more than a suit to recover the value of her corn. The parties were thus "mutually indebted" and the said third count in defendant's answer should not have been stricken out. McCuin v. Frazier, 38 Mo. App. 63; Meiss v. Wohl, 5 Mo. App. 408; Coughlin v. Lyons, 24 Mo. 533; Farce v. Squier, 133 Mo. 306. (3) The pleadings in this case are a petition, in the usual form on an appeal bond. The answer set up new matter as a defense by way of set-off and counterclaim. The plaintiff's reply thereto is a general denial. Issue was thereon joined. Upon this record the court found as a conclusion of law that defendant's counterclaim and set-off could not be sustained. We insist that no issue was joined inviting such a conclusion; and this voluntary finding by the court was reversible error. The general rule is that courts will not pass on questions not presented by the record.

No brief for respondent.

ELLISON, J.—Plaintiff obtained before a justice of the peace in an action of forcible entry and detainer, a judgment against defendant Murray for restitution of the premises and for damages and costs. Afterwards, defendant Murray appealed from that judgment

to the circuit court of Daviess county and gave an appeal bond signed by himself and the other defendants as her sureties. Afterwards, judgment was rendered by the circuit court in favor of plaintiff for the restitution of the premises and $100 damages and the monthly value of rents and profits amounting to $61.50. This judgment was afterwards affirmed on appeal to this court. Defendant Murray having failed to pay the judgment, plaintiff brought this action on the bond aforesaid. Defendant Murray then filed her separate answer in which she admitted the execution of the bond, and then pleaded a counterclaim in two counts and a set-off in the third, but all three relating to the same thing. The first count alleges that she rented a certain farm to a tenant for one year for cash rent of $235. That the tenant grew one thousand bushels of corn thereon worth $250 but that he did not pay the rent and that plaintiff, knowing the corn had been grown on her demised premises, bought it of the tenant whereby he became liable to defendant by the terms of section 4123, Revised Statutes 1899, of the Landlord & Tenant Act, for the value of the corn not exceeding the rent then due.

The second count was the same, except that nothing is said as to the landlord's lien; but it alleged that defendant Murray took a chattel mortgage on the corn to be grown and duly recorded it and that plaintiff bought of the tenant disregarding the mortgage, whereby he became liable to defendant, etc. That count is not now insisted on.

The third count says nothing of renting the land, or of a lien for rent, or of a mortgage on corn, but alleges, by way of set-off, that defendant was the owner of one thousand bushels of corn of the value of $250 which plaintiff pretended to buy of a third party without defendant's knowledge or consent and converted it to his own use.

The cause was submitted to Judge BROADDUS while judge of the circuit court. He became a member of this

court before judgment was rendered and was succeeded by Judge Alexander, and he having been plaintiff's counsel, the cause was by agreement submitted to J. W. Peery, Esq., of Gentry county. The latter after hearing the evidence made a finding that defendants' answer did not state a counterclaim to the plaintiff's action.

The statute, section 605, Revised Statutes 1899, declares that the defendant may set up a counterclaim against a plaintiff's cause of action, when it arises "out of one of the following causes of action: First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action; second, in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action."

It is manifest that the counterclaim did not arise out of the contract (that is the bond) set forth in plaintiff's petition, as is contemplated by the first clause of the statute just quoted. Neither is it connected with such bond. The statute means that a counterclaim must arise out of the contract or transaction set forth in the petition; or, it must be connected with the subject of the action upon which the petition is based. And if the plaintiff's action is on a contract, the defendant's counterclaim, if it be also based on a contract, need not arise out of the contract declared on by plaintiff, and it need not be connected with or related to it; it may be based on a wholly independent and disconnected matter, provided, as just stated, that it arises on a contract. Under the first clause of the statute the counterclaim must arise out of the subject-matter of the plaintiff's action, or it must be connected therewith, or related thereto. Under the second clause, if the plaintiff's action is on a contract and the counterclaim is, too, it may be set up in defense whether it be founded on that declared on by plaintiff, or any other, however disconnected, or independent.

One of the difficulties in construing this statute, in practical application, arises when the matter sought to be counterclaimed grows out of a tort committed by the plaintiff. The rule in this State is that, wherever the tort may be waived and implied assumpsit brought, such right of action may be sustained as a counterclaim under the second division of the statute. Barnes v. McMullins, 78 Mo. 260, 274; Green v. Conrad, 114 Mo. 651, 672; Beasley v. Smith, 158 Mo. 515, 525; Board of Public Schools v. Bank, 12 Mo. App. 104 (affirmed in 84 Mo. 56).

So, therefore, the important question is, could the wrongful purchase of defendant's property by plaintiff (or what is the same thing, the purchase of property on which she had a lien) be waived and an action in assumpsit be brought for such act? Assumpsit is but another word for an undertaking, or a promise. So it does not lie except there be an express or implied promise. There is never any difficulty as to an express promise, but as to when an implied promise can be made out there is sometimes much difficulty. The rule seems firmly established in many of the states that where property is wrongfully taken and is disposed of by sale for "money or money's worth," the owner may ratify the sale and treat the money received by the wrongdoer as received for him and sue for money had and received; but if taken and not sold, the owner could not do so and would be compelled to lay his action strictly in tort. Jones v. Hoar, 5 Pick. 285; Kellog v. Turpie, 93 Ill. 265; Wieler v. Kershner, 109 Pa. St. 219; Bethlehem v. Ins. Co., 81 Pa. St. 445, 459; Watson v. Stever, 25 Mich. 386; Smith v. Smith, 43 N. H. 536; Balch v. Patten, 45 Maine 41; 26 Am. and Eng. Ency. Law (1 Ed.), p. 792. In all cases where the property had been sold, the transaction could be considered as arising out of contract and it could be made a counterclaim under the second clause of the statute.

But while the rule just stated has the sanction of

authority of great weight, yet, in many jurisdictions, this State among them, it is held that it is not necessary to the action of assumpsit that the property should have been sold. Gordon v. Bruner, 49 Mo. 570; Terry v. Munger, 121 N. Y. 161; Barker v. Cory, 15 Ohio 9; Norden v. Jones, 33 Wis. 600; Bliss, Code Plead., sec. 13. Other authority stands somewhat between these extremes, and holds that while the mere taking and detention of another's property without disposing of it is not sufficient to justify an abandonment of the tort and suing in assumpsit, yet if the wrongdoer has consumed it, or changed its form, assumpsit will lie against him. Evans v. Miller, 58 Miss. 120; Railway v. Chew, 67 Ill. 378.

In our view, good reason is on the side of the rule held in this State. We are of the opinion that wherever there is a conversion for which an action in tort would lie, the tort may be waived and assumpsit brought, regardless of whether the property has been sold, consumed, or changed in form. The real question is, has the wrongdoer's act raised an implied promise? It is not easy to see why it should be said that the act has raised such promise when followed by sale or destruction of the property, and yet that there is no promise when the conversion is not followed by those acts. In either case the owner is effectually deprived of his property and the moral reason preventing one from denying a legal promise to pay in one instance is no stronger than in the other. The entire rule is a legal fiction based upon a moral principle, and there seems no reason why it should be limited as has been done by the adjudications to which we have referred. So it is said in Haebler v. Meyers, 132 N. Y. 363, 369, that the law implies a promise because in equity and good conscience the wrongdoer ought to have promised, and it will not permit him to say that he did not.

It therefore follows from what we have written, that if plaintiff was guilty of converting the corn upon

which defendant had a valid lien, there arose an implied assumpsit in defendant's favor which is a valid counterclaim under the second clause of the statute.

But an inquiry remains, whether, though defendant had a right of action arising on contract, that is, on plaintiff's implied assumpsit, has she based her counterclaim on such promise? We think not. She has based her right of counterclaim on the statute which provides that, if any one buys the crop of a tenant knowing that it was grown on demised premises, he should be liable to the landlord. Section 4123, Revised Statutes 1899. This is a right given by the statute which did not exist prior to the statute. There is nothing in the mere fact that a purchaser of products which he knew were grown on rented premises, but did not know the rent was unpaid, that ought to bind his conscience, or which should prevent him from denying that he promised to pay the landlord the amount of his lien. We have already seen that an implied assumpsit arises where equity and good conscience requires that it should. The case stated by defendant as her counterclaim is not such case.

To make out a case from which the law would raise an implied promise by plaintiff it should be shown that he bought the property knowing of defendant's ownership or lien. In other words, facts showing a conversion. The purchase of a crop without notice to advise the purchaser that he is interfering with the rights of the landlord, is not, in the absence of some arbitrary enactment by statute, a conversion of such crop. So defendant should have alleged plaintiff's knowledge of her rent being unpaid for which the crop was liable.

Furthermore, the pleading should have, in some appropriate way, disclosed that the claimant had elected to waive the tort and sue in assumpsit. This could with propriety be easily shown by alleging a promise to pay on the part of him who is guilty of the conversion. Bliss on Code Plead., secs. 151, 152, 153, 154; Gordon v. Bruner, 49 Mo. 570.

It follows, therefore, that on the case made the judgment should be affirmed. All concur.