improper argument and a request made to take it from the consideration of the jury, but it has not heretofore, we believe, been held that the ground of the objection must be specified. We hold that the ground of the objection to alleged improper argument to the jury must be specified and made known to the court, so that the court may intelligently rule thereon, and that when this is not done the proposition is not properly reviewable here on appeal. This is consistent with the rule so often announced by this court, that objections to evidence and the action of the trial court in other instances must be specifically made known, so that a complete determination of the proposition of law may be first had in the trial court. We apprehend that this imposes no extraordinary burden on counsel, and better assists the trial court to administer justice in the premises. If this were not the correct rule then ofttimes perchance reversals here would be effected upon propositions of law neither submitted nor determined by the trial court—an anomalous situation, to say the least.

For the reasons stated, the judgment of the trial court will be affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.

---

[No. 2110, April 25, 1918.]
[Rehearing Denied Sept. 6, 1918.]
GOMEZ v. ULIBARRI (DE GOMEZ, Intervener).

### SYLLABUS BY THE COURT.

1. When plaintiff's claim is based on contract, a counter-claim under the first clause of section 4116, Code 1915, must arise out of the subject matter of plaintiff's action or be connected therewith or related thereto; and under the second clause of said section it must be on contract, whether it be founded on that declared on by the plaintiff or any other, however disconnected or independent.          P. 567

2. In order to be entitled to intervene under section 4296, Code 1915, it is necessary that the interest of the

intervener in the matter in litigation be direct and of a substantial nature, not indirect, inconsequential, or contingent.    P. 568

Appeal from District Court, Rio Arriba County; Abbott, Judge.

Action by P. J. Gomez against Jose Dario Ulibarri and Dolores U. De Gomez intervenes. Judgment for plaintiff and defendant appeals. Reversed and remanded.

See, also, 169 Pac. 301.

A. B. RENEHAN, of Santa Fe, (and J. I. HOLLINGS-WORTH, of Santa Fe, of counsel), for appellant.

The statutes of this state authorize or permit a defense or counter claim pleaded as new matter, in ordinary and concise language, without repetition.

Codif. 1915, sec. 4115, 4116; Agua Pura Co. v. Mayor et al., 10 N. M. 6; Field v. Sammis, 12 N. M. 36; La Mesa Community Ditch v. Appelzoeller et al., 140 Pac. 1051; 25 Am. and Eng. Enc. of Law, p. 571, et seq. (2d edition); Pomeroy's Code Remedies, p. 853, et seq.; King v. Campbell, 81 S. W. 635; Crane v. Murray et al., 80 S. W. 280.

The court erred in permitting the filing of the petition of intervention and overruling appellant's demurrer to same, because the matters stated in the petition were not intervenable matters under the statute and the intervenor had no such interest with the plaintiff or defendant or against both of them, as authorized her to intervene.

Codif. 1915, secs. 4296, 4297, 4298; Meyer and Sons Co. v. Black, 4 N. M. 352; Union Trust Co. v. A. T. & S. F. R. Co., 8 N. M. 327; Field v. Sammis et al., 12 N. M. 36; Miller v. City of Socorro, 9 N. M. 416; First National Bank of Las Vegas v. Clark (Adler et al., intervenors), 153 Pac. 69; 17 Am. and Eng. Enc. of Law

(2d edition), p. 180 et seq.; Smith v. Gale, 114 U. S. 509; Consolidated Liquor Co. v. Scotello & Nizzi et al., 21 N. M. 485, 487; Lewis v. Harwood, 28 Min. 428, 10 N. W. 586; Potlach Lumber Co. v. Runkel (Idaho), 23 L. R. A. (N. S.) 536.

Our own Supreme Court has in the case of the First National Bank of Las Vegas v. Clark, supra, covered the question of what "interest" one must have in order to intervene. The court in the Las Vegas case recites several New Mexico decisions, to-wit:

Meyer and Sons Co. v. Black, 4 N. M. 368; Miller v. Socorro, 9 N. M. 416; Field v. Sammis, 12 N. M. 36.

E. P. DAVIES, of Santa Fe, for appellees.

### STATEMENT OF FACTS.

This is a suit by P. J. Gomez, the appellee, against Jose Dario Ulibarri, appellant, to recover an alleged stated account for board and lodging alleged to have been furnished by appellee to appellant in the sum of $240. Appellant answered by denying the allegations of the complaint of the appellee, and further answered by way of cross-complaint and counterclaim, in which he alleged the facts that Dolores Ulibarri de Gomez was his sister and the wife of appellee; that their mother, Ramona Valdez de Ulibarri, died intestate April 5, 1911, seised of certain real and personal property; that he and said Dolores Ulibarri de Gomez were the sole and only heirs at law of their said mother; that said real estate during the life of their said mother was improved and furnished for hotel business, and that appellee, from the date of the death of said Ramona Ulibarri, and up to the time of the institution of this suit, had used and occupied said premises in the conduct and operation of the hotel business; that appellant owns certain lands adjoining said premises, and had constructed a three-room house thereon, and that said appellee had, under a verbal contract between himself and appellant, used said three rooms in connection with his said hotel busi-

ness, and agreed to pay said appellant one-half of the income from said three rooms so used in connection with said hotel business; that there has been no accounting by said appellee to said appellant for the use of said hotel and three rooms so constructed by said appellant, and no payment for said use and occupation of said hotel and said three rooms belonging to appellant save and except the sum of $30, which was paid by appellee to appellant on account thereof.

To all the new matter set forth in the answer of said appellant by way of cross-complaint and counterclaim appellee demurred. Said demurrer was promptly sustained by the court "on the ground that said Dolores Ulibarri de Gomez is a necessary party to a complete determination of said action." On the same day petition of said Dolores Ulibarri de Gomez to intervene as party plaintiff in the said cause was granted by order of the court. Said intervener in her said petition of intervention set out seven causes of action against said appellant, in which she alleges that she is the wife of appellee and sister of appellant; that she, on or about April 1, 1904, began to conduct and operate a hotel business in the building owned by her mother, Ramona Valdez de Ulibarri; that her said mother was old and infirm and needed the care and attention of said intervener, and in consideration of such care and attention her mother granted her the use of her hotel building and personal property with which to conduct and operate the hotel business free from any charge or rent, and granted her all profits so made out of said hotel; that said appellant boarded and roomed with her at said hotel for about ten years; said intervener in her petition of intervention sues said appellant for the sum of $2,700 and interest thereon for board and lodging which she alleges she furnished said appellant, and also sues said appellant for the sum of $500, which she alleges she loaned said appellant, and which he never returned to her; also for the sum of $25, which she alleges she paid as taxes on said real estate as appellant's share; also for the sum of $240 for

washing and cleaning all appellant's clothes for a period of about ten years; also for $100, which said intervener alleges appellant collected for her from some third party, and for which he never accounted to her. Also said intervener alleges that for the year beginning April 1, 1913, and ending April 1, 1914, she permitted the appellee to make an agreement with said appellant for the settlement of a claim against appellant for board and room, and agreed that the sum of $240 should be the amount of the indebtedness of appellant for room and board for that year, and for that year only, and she thereby consented and agreed that said claim for that one year was a personal claim of appellee against appellant. Also said intervener alleges that said Ramona Valdez de Ulibarri died intestate April 5, 1911; that she and appellant were the sole and only heirs at law of their said mother, Ramona Valdez de Ulibarri; that said hotel building of her said mother is the building in which she conducted her said hotel business, and that upon said property she had expended the sum of $1,100 in improvements. Said intervener therefore prays that said property may be partitioned, and, if necessary to partition, that the same may be sold, and that she be credited with the sum of $1,100 in payment for improvements she made upon said property. To this petition of intervention, appellant demurred as follows:

"Comes now the defendant in the above cause, * * * and demurs to the intervention petition herein, and moves to strike the same from the files, and for ground of said demurrer and motion shows to the court: That said petition does not disclose any interest on the part of petitioner in the matter in litigation, such as is contemplated and required by the statute in such case made and provided."

Said demurrer of appellant to the petition of intervention was promptly overruled. Upon the disposition of said demurrer and motion to strike said petition of intervention, appellant defaulted, and upon his failure to either move or plead to the complaint and petition of intervention a referee was appointed to hear proofs

in support of appellee's complaint and intervener's petition of intervention. The referee proceeded, and up-on his report a judgment on the 12th day of July, 1916, was rendered against said appellant in favor of appellee in the sum of $240 and interest, and a money judgment in favor of the intervener in the sum of $2,850, and that said real property described in intervener's petition of intervention should be advertised and sold, and after costs have been paid, said intervener be paid the sum of $1,100 and the remainder, if any there be, to be divided between the intervener and appellant. From which judgment this appeal was taken.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). [1] Error is first assigned in sustaining appellee's demurrer to appellant's answer, it being contended by appellant that under our statutes (sections 4115, 4116, Code 1915) a party is permitted a defense or counterclaim pleaded as new matter when stated in ordinary or concise language, without repetition, and that the sustaining of the demurrer was in effect a denial of the right of appellant to maintain the counterclaim set up in his pleading. There can be no question as to the right of the appellant to set up a counterclaim, which the statutes in question clearly confer. This court passed upon the question in the case of La Mesa Community Ditch v. Appelzoeller, 19 N. M. 75, 140 Pac. 1051. Our statute is evidently taken from a Missouri statute, which was construed in the case of Crane v. Murray, 106 Mo. App. 697, 80 S. W. 280, in which case the Missouri court held that:

"When plaintiff's claim is based on contract, a counterclaim under the first clause must arise out of the subject-matter of plaintiff's action or be connected therewith or related thereto; and under the second clause it must be on contract whether it be founded on that declared on by the plaintiff or any other, however disconnected or independent."

An examination of the record discloses that the demurrer was sustained only upon the ground that Dolores Ulibarri de Gomez was a necessary party to the complete determination of said cause. We think it is therefore clear that the appellant was not denied any right to counterclaim, the court simply holding that his counterclaim had made the sister a necessary party, and for this reason the first assignment of error is not well taken.

[2] A more serious question is presented, however, by the second assignment of error, which questions the intervenable interest of the sister. In this connection it must be borne in mind that when the petition in intervention was filed, the answer of appellant, at least so far as his counterclaim or cross-complaint is concerned, had ceased to be a factor in the case. And the issue was simply as to the alleged stated account and the general denial contained in appellant's answer. In this issue the intervener had no interest direct or consequential, and showed no such interest in her petition, and appellant's objection to the filing of the petition in intervention should have been sustained. We held in the case of First National Bank v. Clark, 21 N. M. 151, 153 Pac. 69, L. R. A. 1916C, 633, that:

"In order to be entitled to intervene under section 4296, Code 1915, it is necessary that the interest of the intervener in the matter in litigation be direct and of a substantial nature, not indirect, inconsequential or contingent."

For the reasons stated, the judgment is reversed, and the cause remanded for a new trial; and it is so ordered.

ROBERTS and PARKER, J.J., concur.