[No. 3049, Sept. 7, 1927.]

## BAILEY v. GREAT WESTERN OIL CO.

[259 P. 614.]

### SYLLABUS BY THE COURT

1. A judgment is a "contract," within the meaning of Code 1915, § 4116, providing that, in an action arising on contract, any other cause of action arising on contract may be pleaded as a counterclaim.

2. A counterclaim, being an independent cause of action, is not within the rule that a judgment is res adjudicata as to defenses which were or might have been made.

3. A proceeding to revive a judgment is a new and independent action, under Code Procedure.

Appeal from District Court, Dona Ana County; Ed Mechem, Judge.

Suit by the Great Western Oil Company against R. C. Bailey, who set up a counter claim. From a judgment sustaining a demurrer to the counterclaim, defendant appeals. Reversed and remanded, with direction.

Medler & Whatley, of El Paso, Texas, for appellant.

R. L. Young of Las Cruces, for appellee.

### OPINION OF THE COURT

WATSON, J. Appellee (plaintiff) recovered a money judgment against appellant (defendant) May 26, 1918, in the district court of Dona Ana county. It not having been satisfied, appellee commenced suit April 17, 1923, upon that judgment in the same court. Appellant filed a counterclaim for services performed for appellee before recovery of the original judgment, but which claim which was not set up nor litigated in the earlier suit. Appellee demurred to the counterclaim as being a collateral attack upon the judgment, as setting up a new defense to the original cause of action, and as being a claim which might have been set up in the earlier suit, and hence res adjudicata. The demurrer was sustained and that action is assigned as error.

[1]    34CJ p. 716 n. 33.    [2] 34CJ p. 864 n. 15.    [3] 34CJ p. 663 n. 18.

[1] The counterclaim is an invention of the Code. Among other matters which may be the subject-matter of a counterclaim, it specifies:

"In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." Code 1915, § 4116.

A judgment is a contract within the meaning of this provision. Rose v. N. W. F. & M. Ins. Co. (C. C.) 71 F. 649; Way v. Colyer, 54 Minn. 14, 55 N. W. 744; Miller v. Murphy, 186 Cal. 344, 199 P. 525; Green v. Conrad, 114 Mo. 651, 21 S. W. 839; Taylor v. Root, 43, N. Y. (4 Keyes) 335; Folsom v. Winch, 63 Iowa, 477, 19 N. W. 305. No decision to the contrary has been brought to our attention. Other decisions hold similarly under statutes with which we are not familiar. Malony v. Waddle, 55 N. H. 227; Rankin v. Barnes, 5 Bush (Ky.) 20; Fiske v. Steele, 152 Mass. 260, 25 N. E. 291; Bannister v. Jett, 83 Ind. 129; Roach v. Privett, 90 Ala. 391, 7 So. 808, 24 Am. St. Rep. 819. The St. Louis Court of Appeals has said:

"The test by which to determine whether a particular demand arises on contract, within the meaning of the statute of counterclaims, is this: If the demand could have been redressed at common law by any of the forms of action which might be resorted to to recover damages for breaches of contract, then it is the proper subject of a counterclaim, under the provision of the statute we are considering; otherwise not. If this defendant could have maintained at common law against Kreiger, for the breach of contract in question, an action of covenant, debt, or assumpsit, then the counterclaim which is here set up must be sustained. But if he could not have enforced this liability of Kreiger without resorting to one of the forms of action used at common law for the redress of injuries sounding in tort or to a bill in equity, then the demand is not the subject of the set-off." Board of President and Directors of St. Louis Public Schools v. Estate of Broadway Savings Bank, 12 Mo. App. 104; affirmed 84 Mo. 56.

An action upon a judgment was at common law an action of debt. Black on Judgments (2d Ed.) § 958.

[2] Appellee invokes the rule that a judgment is res adjudicata as to defenses which were, or might have been, interposed or litigated. But the counterclaim of

the Code is not a defense within the meaning of that rule. It is an independent cause of action which the defendant may, but need not, interpose. Bliss on Code Pleading (3d Ed.) § 368; Freeman on Judgments (5th Ed.) §§ 675, 774, 786, 1075; Fiske v. Steele, supra; Weaver v. Brown, 87 Ala. 533, 6 So. 354; Roach v. Privett, supra; Brower v. Nellis, 6 Ind. App. 323, 33 N. E. 672; Secor v. Siver, 165 Iowa, 673, 146 N. W. 845; Dudley v. Stiles, 43 Wis. 371; Stillwell et al. v. Hill, 87 Or. 112, 169 P. 1174; Bishop's Adm'r. v. Bishop, 162 Ky. 769, 173 S. W. 130.

[3] Appellee contends that his suit, although founded on a live judgment, on which he could have had execution for the asking (Code 1915, §§ 3085, 3086), is one to revive a judgment; and that in such a case no defenses are available except lack of jurisdiction, payment and satisfaction. It is probably true that no other defenses could be pleaded to the writ of scire facias—the former mode of reviving a dormant judgment. The reason was that such writ, although it might be pleaded to, was not considered an action, but rather a proceeding in the original cause. The Code has changed this. The proceeding to revive a judgment is ''a new and independent action.'' Browne and Manzanares v. Chavez, 9 N. M. 316, 54 P. 234, affirmed 181 U. S. 68, 21 S. Ct. 514, 45 L. Ed. 752. Under these decisions, we are constrained to hold that, even though the purpose of the suit be to revive the judgment, it is an action arising on contract within the meaning of Code 1915, § 4116, to which a cause of action arising also on contract and existing at the commencement of the action may be pleaded by way of counterclaim.

The judgment must therefore be reversed and the cause remanded, with direction to the district court to overrule the demurrer to the counterclaim, and after the joinder of issue thereon to proceed with the cause.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.