[No. 3212.   Feb. 9, 1929.]

BELL v. KYLE et al.

[274 Pac. 1068.]

Bert D. Richards, of Las Cruces, for appellant.

R. L. Young and W. C. Whatley, both of Las Cruces, for appellees.

OPINION OF THE COURT

WATSON, J.   On December 17, 1918, one H. G. Bell recovered judgment against the present appellees for $3,000, with interest.   They appealed, with supersedeas. The judgment was affirmed.   Bell v. Kyle, 27 N. M. 9, 192 P. 512.   November 9, 1920, the mandate of this court was filed in the district court. By it the district court was "commanded to reinstate said cause upon your docket and enforce your judgment."   January 4, 1922, execution issued, and the sum of $2,384.12 was realized.   January

13, 1922, another execution issued, upon which $71.70 was realized. August 16, 1926, the present appellant, exhibiting an assignment of said judgment, and reciting that the amounts above mentioned had been realized, and that a balance of $544.18 and some interest remained unpaid, and reciting that the cause had not been reinstated upon the docket of the court in accordance with said mandate, and that final judgment had not been rendered in the cause, moved, as assignee, that the cause be reinstated and for entry of judgment for the balance unpaid. The court heard this motion ex parte, and on the same day entered judgment in favor of appellant, as assignee, in the sum of $1,577.37, purporting to be the principal and interest due on that date. September 15, 1926, appellees moved to vacate this judgment. September 22, appellant moved to strike the motion to vacate, and on that date both motions were heard; the latter being overruled and the former granted. From this action the appeal has been taken.

While numerous questions have been raised and argued by appellant, they are all based upon the theory that the court erred in vacating the judgment rendered August 16, 1926. That action we consider correct.

It is contended that the judgment appealed from was rendered pursuant to and in conformity with the mandate of this court, and that a district court is without jurisdiction to vacate such a judgment. It seems to us that the judgment was not required or authorized by the mandate. The direction was to enforce the judgment rendered by the district court in 1918; not to render a new judgment in 1926, nearly six years after the remand, in favor of a different party for a different amount.

Appellant argues as if the purpose to be accomplished and the result effected were merely to reinstate the cause, as directed by the mandate. It may well be doubted if the cause is not effectually reinstated, in a case like this, by the filing and docketing of the mandate. Appellant, by suing out two executions, had treated the cause as reinstated. However that may be, the real effect of the judgment complained of was to revive or renew the original judgment. We do not think that can be done, under the

guise of reinstating a cause, upon an ex parte motion. Under the Code, it is held that a proceeding to revive a dormant judgment is "a new and independent action." Bailey v. Great Western Oil Co., 32 N. M. 478, 259 P. 614, 55 A. L. R. 467. Even the former proceeding by scire facias required notice, and gave the judgment debtor the opportunity to plead to the writ. Freeman on Executions (3d Ed.) § 81.

It follows that the judgment should be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.