[No. 3481. Dec. 13, 1930.]

[Rehearing Denied Feb. 2, 1931.]

GREAT WESTERN OIL CO. v. BAILEY.

[295 Pac. 298.]

W. C. Whatley, of Las Cruces, for appellant.

R. A. D. Morton and Edward C. Wade, Jr., both of El Paso, Tex., for appellee.

OPINION OF THE COURT

WATSON, J.

This is a suit to revive a judgment rendered in Dona Ana county in 1918 upon a foreign judgment rendered in 1916 in El Paso county, Tex., upon Bailey's $250 promissory note. In the present suit Bailey filed a counterclaim to which the plaintiff demurred on the grounds that it was a collateral attack upon the judgment, that it set up

a new defense to the original cause of action, and that it was a claim which might have been set up in the earlier suit and was hence res judicata. The demurrer was sustained, but upon appeal we reversed the judgment, holding that the counterclaim was an independent cause of action not lost by failure to interpose it in the earlier suit. The cause was remanded with a direction to overrule the demurrer, and, after joinder of issue upon the counterclaim, to proceed with the cause. Bailey v. Great Western Oil Company, 32 N. M. 478, 259 P. 614, 55 A. L. R. 467.

The counterclaim in question sets up a commission of $380 earned by defendant by accomplishing the sale of certain real estate in Dona Ana county, N. M., under a contract made with the plaintiff in El Paso county, Tex., of which both parties were at that time, and at the time of instituting this suit, legal residents.

After the reinstatement of the cause on the docket of the district court, plaintiff answered the counterclaim, first denying knowledge or information sufficient to form a belief as to the facts alleged, and pleading second, third, and fourth defenses by way of new matter. These defenses were, in substance: second, the New Mexico four-year statute of limitations; third, a two-year Texas statute of limitations; and, fourth, that the cause of action constituting the counterclaim was existent when the original suit was commenced in Texas; that, although defendant had been personally served, he failed to appear until after judgment had been rendered against him by default, that he then appeared and moved to set aside the judgment and for a new trial, claiming a meritorious defense which he set up in an answer tendered, alleging an agreement on the part of the plaintiff to cancel the note by applying it against the commission, but that defendant, having failed to press his motion, it was, under the law and practice in Texas, overruled by operation of law, and the default judgment became final, and that, upon such facts, the original Texas judgment was res judicata of the counterclaim.

Defendant demurred to this answer in seven paragraphs, four of which were overruled and three sustained. As

we interpret the demurrer and the rulings thereon, the trial court held, unfavorably to defendant, that the plea of the New Mexico statute of limitations was good, that the former judgment of this court was not res judicata on the question of limitations, and that it was not res judicata of plaintiff's plea that the original Texas judgment was res judicata of the counterclaim. On the other hand, he seems to have held, unfavorably to plaintiff, that the plea of the Texas statute of limitations was not good because it did not govern, and that plaintiff's plea of res judicata was not good, both because the Texas decision was not upon the merits of the counterclaim, and because the cause of action set up as a defense in Texas was not the same as the counterclaim interposed in this suit. Upon defendant's refusal to plead further, final judgment was rendered against him.

The first point upon which appellant (defendant) relies is the overruling of his demurrer to the plea of the New Mexico statute of limitations (1929 Comp. § 83—104). He relies upon 1929 Comp. § 83—112, which provides, in substance, that, though a cause of action may be barred offensively, it may be pleaded as a set-off or counterclaim if the property or right of the party pleading it at the time it became barred and at the time of commencing the action, and if not barred when the cause of action sued for accrued or originated. Under this section the counterclaimant is not permitted to recover judgment for excess.

Appellee, however, points to 1929 Comp. § 105—417, second, which requires that the cause of action pleaded as a counterclaim be one "existing at the commencement of the action." Under this section he says the demurrer was properly overruled because in 1925 when he sued to revive his judgment of 1918, defendant's cause of action, originating in 1915, and barred in 1919, was not "existing."

These contentions require a comparison, and, if possible, a harmonizing of the two sections cited. Appellee contends that section 83—112, enacted in 1880, was not intended to apply to an "other cause of action arising also on contract," and that the words "set-off or counterclaim"

had at that time the meaning only of recoupment. But, if they did have the broader meaning of an independent cause of action in contract, he contends, this meaning was narrowed by implication when, in 1897, as a part of the Code of Civil Procedure, we adopted section 105—417, second, requiring that the counterclaim "exist" as a cause of action at the commencement of the suit.

Unfortunately the history of the legislation does not support appellee's contention. It is not true, as appellee assumes, that the independent cause of action in contract as the subject-matter of counterclaim against "an action arising on contract" first appears in the Code of Civil Procedure of 1897. This principle of the Code was adopted much earlier; in fact, by the same legislative session which enacted section 83—112, the one being chapter 5 and the other chapter 6 of the Laws of 1880. Section 11 of chapter 6 provided:

"A defendant may plead as a set-off or counterclaim any of the following matters, and may recover judgment thereon if proved for any excess thereof over the plaintiff's demand as proved: First—when the action is founded on contract, a cause of action also arising on contract, or ascertained by the decision of a court."

This part of the section was compiled in 1884 as section 1920, and in 1897 as section 2982. It is not different in principle from the provision which found its way into the Code of Civil Procedure in 1897 (1929 Comp. § 105—417). It was not expressly repealed until Laws 1907, c. 107, § 300.

It seems, therefore, that the two principles appeared in our jurisprudence at the same time, by statutes in pari materia. It is impossible to hold that the set-off or counterclaim as understood in 1880 was a mere defensive set-off or recoupment. Under proper rules of construction, we cannot hold that the original meaning was narrowed by the introduction of the word "existing" into the Code of Civil Procedure.

We are constrained to interpret "existing" as "which has arisen," not as "which has arisen and not been barred." This requires us to sustain appellant's first point.

Appellant, in support of his first point, further argues that the court erred in overruling his demurrer to the plea of the New Mexico statute of limitations since the absence of the plaintiff had tolled the statute, under 1929 Comp. § 83—107; he having pleaded in his counterclaim that plaintiff was a foreign corporation, unauthorized to do business in New Mexico, and having no agent here upon whom process could be served. Appellee challenges this proposition upon five grounds. In view of our conclusion upon the first proposition, we find it unnecessary to decide this question. To decide it favorably to appellant would have the effect only to permit him to obtain judgment for the excess, if any. By reference to the prayer of his counterclaim, we assume that he claims no excess.

Appellant, by his second point, contends that the court erred in overruling the contention of his demurrer that the former decision of this court was res judicata of the pleas of limitation, and by his third point contends that the court erred in overruling the contention of his demurrer that the former decision of this court was res judicata of the plea that the original judgment of the Texas court was res judicata of the counterclaim.

In view of our conclusion on the first point, and in view of the fact that the defenses of the Texas statute of limitations and of the conclusive effect of the Texas judgment upon the counterclaim were disallowed by the trial court, we see no necessity of pursuing appellant's second and third propositions.

Because of the error in overruling appellant's demurrer to the plea of the New Mexico statute of limitations, the judgment must be reversed, and the cause remanded, with direction to sustain the demurrer and to proceed upon the complaint, the counterclaim and the first answer. It is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and CATRON, JJ., not participating.